STEWART & HAYDEN, v. WRIGHT ET AL.

1. **Mechanic's Lien**: SUB-CONTRACTORS: PAYMENT.    Sub-contractors. who furnish labor or materials for the erection of a building are required to take notice of the terms of the principal contract, and the owner is protected in making payments to the principal contractor in accordance with the terms of his contract, unless notified of claims for material or labor furnished before such payments are due.

| 52 | 335 |
| 88 | 233 |
| 52 | 335 |
| 98 | 169 |
| 52 | 335 |
| 112 | 123 |
| 112 | 124 |
| 52 | 335 |
| 132 | 286 |

*Appeal from Des Moines Circuit Court.*

TUESDAY, OCTOBER 28.

ON the 20th day of July, 1876, the defendant Mary L. Wright entered into a written contract with Alexander Hood, by which it was agreed that said Hood would furnish all the materials, and construct and complete a building according to certain plans and specifications, upon a lot owned by the defendant.    The consideration to be paid by defendant was $5,000, payable in installments, as the work progressed.    Hood entered upon the performance of his contract, and the defendant paid him, as the work progressed, all of said sum of $5,000, excepting $110.    On the 13th day of October, 1877, this action was commenced for the foreclosure of a mechanic's lien claimed upon said lot and building, in the sum of $130, for labor and materials furnished and completed by plaintiffs on April 26, 1877, as sub-contractors of said Hood.    The said claim for a lien was filed on May 22, 1877, and a notice of the filing of said lien was served upon said Mary L. Wright on the same day.    The petition made Mary L. Wright and the other defendants parties to the action.    The other defendants filed cross-petitions against said Wright, claiming that they were also sub-contractors, and held liens upon said property as follows: Frank Millard & Co. claimed to have completed furnishing materials on May 19, 1877, and filed their claim for lien on the same day, and served notice on Wright May 24, 1877. D. Winter & Co. claimed that they completed furnishing materials May 17, 1877, filed their claim for a lien May 25, and served their notice the same day.    W. F. McCosh claimed

to have finished furnishing materials on May 12, 1877, filed his claim for lien May 23, and served notice on the 24th of the same month. William Erb claimed to have furnished the last of his material May 21, 1877, and filed his lien and served notice on the 25th day of the same month.

The defendant answered the petition of the plaintiff and the cross-petitions of her co-defendants, in substance as follows: She denied having knowledge or information sufficient to form a belief as to the condition of the accounts between Hood and the plaintiff and her co-defendants, and denied that any of said parties are entitled to any lien upon her lot except for such balance as she admitted to be due to Hood under his contract, and which she had always been ready to pay. She set up the contract with Hood, by which it appeared that she was not to furnish any labor nor materials for said building, and was to pay said Hood in installments as the work progressed, and averred that she had no notice nor knowledge of any arrangements made by Hood for labor or materials for said building; that under said contract Hood proceeded with the construction of the house, and while the same was in course of construction she, in good faith, and without any notice or knowledge that Hood had incurred, or was incurring, debts for materials or labor, and without any knowledge of the claims of plaintiffs and her co-defendants, and before any notices were served upon her by said parties, paid to said Hood in installments, as the work progressed, and in proportion to the work done, and in compliance with her contract, the entire sum of $5,000 except $110. She averred that there could, therefore, be no lien in favor of the said parties except for said last named sum, which she had ever been ready to pay to whoever the court may adjudge entitled thereto.

Plaintiffs and all of the lien holders demurred to the answer, because, 1st. The facts stated do not constitute a defense to the action. 2nd. That payments made to Hood, before the expiration of thirty days after the work was completed, are not good against these mechanic's lien holders." The demurrer was overruled. The plaintiffs took issue upon the answer, and a trial was had upon the question as to the payments as alleged

in the answer, and the good faith of the defendant in making them. The court found for the defendant. Plaintiffs appeal. The mechanic's lien defendants excepted to the ruling on the the demurrer, and they appeal.

*II. A. Kelly*, for plaintiffs, appellants.

*P. Henry Smythe*, for Mary L. Wright, appellee.

*Blake & Hammack* and *Dodge & Dodge*, for defendants, appellants.

ROTHROCK, J.—I. The single question to be determined upon the demurrer was whether the payments, made in good

1. MECHANIC'S faith, without notice and in strict accord with the
lien: sub-con- contract, protect the defendant from again paying
tractor: pay-
ment. to the sub-contractors the amounts of their respec-
tive liens. This question was undoubtedly correctly determined by the court below. Any other rule, followed to its logical conclusion, would effectually prevent a person from complying with a contract which all the world must admit he has the right to make and perform. If one should contract with a builder to erect a house and agree to pay him in advance and comply with his contract by making the payment, we very much question whether it is within the power of the legislature to require that he shall be liable to pay for his building twice, by paying off the claims of sub-contractors who may assert liens after the payments have been made. However that may be, we do not think that there is any provision of the statutes of this state which will bear such a construction.

Counsel for appellants argue that by the provisions of chapter 100, acts of the Sixteenth General Assembly, if the subcontractor files his claim for a lien, and serves notice thereof within thirty days from the completion of his sub-contract, this is all that is required, and if the owner makes payment before that period, although at the time of payment no lien may be filed and no notice given, he does so at his peril. Section six of that act provides that a sub-contractor must file his lien within thirty days from the date on which the last of the

material shall have been furnished, or the last of the labor performed, and section seven provides that "to preserve the lien against the owner *and to prevent payments by the latter to the principal contractor*, or to intermediate sub-contractors, but for no other purpose, the sub-contractor must, within the thirty days, as provided in section six, serve upon such owner, his agent or trustee, a written notice of the filing of said lien * * *." The said section further provides that "nothing in this act contained shall be construed to require the owner to pay a greater amount, or in any other manner, or at earlier dates than those provided in his contract." Counsel for appellants argue this cause upon the theory that the sub-contractor is not bound to take notice of the terms of the contract between the owner and the principal contractor. The argument seems to be that the owner must act at his peril, and cannot make payments according to the terms of his contract without making inquiry as to whether there may not be sub-contractors who may thereafter file liens and give him notice. But this last clause of section seven, above quoted, charges sub-contractors with notice of the terms of the contract.

It is provided in section eight of said act that claims filed for a lien, and notice given thereof after thirty days, shall be enforced against the property only to the extent of the balance due from the owner to the contractor at the time of service of such notice. It is argued that if such claims can only be enforced for the balance due at the time of the service of notice, it follows that those filed within thirty days are enforceable notwithstanding payment may have been previously made to the contractor. But here again counsel ignores the thought that the sub-contractor can only enforce his lien in subordination to the original contract. The statute does not prescribe the character of contracts which may be made. It leaves that to the parties, and provides that it is not intended to require the owner to pay a greater amount, or in any other manner, or at earlier dates, than is provided in his contract. It recognizes contracts as binding, and does not alter their terms, much less provide that a man may not pay his contractor in advance if he so agrees. There is nothing in *Lucas County*

*v. Roberts*, 49 Id., 159, inconsistent with these views. The distinction is obvious.

II. It is claimed that the finding of the court upon the trial between the plaintiffs and defendants was against the weight of the evidence. We think otherwise. It is not disputed but that the payments were actually made in accord with the contract. Upon the question as to whether the payments were with notice of plaintiff's claim, there having been no written notice served, the burden was on the plaintiff to show such notice.

III. It is claimed that plaintiffs are, in any event, entitled to a decree for the $110 yet unpaid by defendant. The defendant has offered to pay this sum to whoever the court adjudges entitled to it. It appears that the defendants who claimed as lien holders entered into a stipulation with the defendant Wright, that upon the final decision by this court—either reversing or affirming the decision of the court below, the cause should be remanded with leave to either party to amend, as other issues are involved in the record in the court below. Under these circumstances we will remand the cause that the court below may adjudge to whom the balance in the hands of the defendant Wright shall be paid.

AFFIRMED.