## WINTER & CO. v. HUDSON ET AL.

1. **Mechanic's Lien:** CONTRACT: SUBCONTRACTORS. Where a building contract provided that subcontractors should be paid by orders given by the principal contractor, and the owner had knowledge of the furnishing of materials by certain subcontractors, it was held that she was liable therefor though full payment had been made to the principal contractor, a claim for a mechanic's lien having been filed and notice served by the subcontractors within the thirty days given by statute.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, SEPTEMBER 22.

ACTION to establish and enforce a mechanic's lien. Frank Milliard & Co. were made defendants, and they in a cross-petition asked the establishment of a similar lien, as also did Drake & Dayton, who intervened in the action. The appellant pleaded she contracted with one Hood in writing for the erection of the buildings, and that by the terms of the con-

tract he was to furnish all the materials, and fully complete the same; that she without notice of the claimed liens had settled with and fully paid Hood the contract price, in accordance with the contract. Trial to the court, and judgment establishing the liens. The defendant Hudson appeals.

*J. & S. K. Tracy*, for appellant.

*Blake & Hammack*, for plaintiff and Milliard & Co.

*T. C. Whitely*, for intervenor.

SEEVERS, J.—The material evidence as to all the claimed liens is substantially the same. As to the intervenor the

1. MECHANIC'S lien: contract: subcontractors.

following facts were agreed upon: "1. That Drake & Dayton furnished the materials to A. Hood, contractor of Virginia Hudson, in the sum and at the time stated in these pleadings, for the construction of the two dwelling houses as stated.

" 2. That said Drake & Dayton, subcontractors, filed their claim for a mechanic's lien on the 19th day of December, 1877, within the thirty days from the furnishing of said materials, and caused a written notice within said time to be served upon said Virginia Hudson and S. A. Hudson not to pay any money to said A. Hood until Drake & Dayton's claim for a mechanic's lien was paid, being served on the 19th day of December, 1877.

" 3. That said defendant Virginia Hudson, by her agent S. A. Hudson, entered into a written contract with A. Hood to build said two dwelling-houses, a copy of which is in letters and figures as follows, to-wit:

" 'Articles of agreement made this 9th day of June, 1877, between S. A. Hudson, for Virginia Hudson, and Alexander Hood, all of Burlington, Iowa. The said Alexander Hood agrees to build and complete two brick dwelling-houses on lots Nos. 866 and 867, on the corner of Seventh and High streets, for said Hudson, according to plans and specifications

made by said Hood, as amended by said Hudson, for the sum of forty-three hundred and fifty ($4,350) dollars, in payments as follows: Eighty per cent as the work progresses, the balance on completion, subcontractors to be paid by orders drawn by said Hood, and indorsed on their contract with him as above; one building to be completed before the first day of October, and the other before the 15th day of October, 1877.

S. A. HUDSON.<br/>ALEXANDER HOOD.'

"4. That said Virginia Hudson has paid said A. Hood on said contract at the dates and for the amounts following, to-wit:  That defendant, on November 17, 1877, paid said Hood, contractor, all that was due him on said contract for said work and material, and had no notice that any such claim existed as that of Drake & Dayton, presented here, until after the settlement and payment of the contractor in full."

In addition to the foregoing we find the defendant knew Hood had obtained from the intervenor Milliard & Co. and the plaintiff certain materials which were used in the construction of the buildings, but there is no evidence showing she had knowledge the same were or were not paid for.

The plaintiff and Milliard & Co. filed the statement required by statute, and served a notice on the defendant within thirty days from the time the materials were furnished. The intervenor's notice was last served.  All, however, were served and the statement filed after November 17, 1877, on which day the defendant paid Hood the contract price.

It was held in *Stewart & Hayden v. Wright*, 52 Iowa, 335, when the owner has no knowledge where or of whom the contractor procured materials, and in good faith pays the contractor in strict accord with the contract, that the subcontractor is not entitled to a lien.  It was also held the subcontractor is bound to take notice of the terms and conditions of the contract.  In *Lounsberry v. I. M. & N. P.*

*R. R. Co.*, 49 Iowa, 255, it was held a subcontractor must file the statement and serve the requisite notice within thirty days from the time the last of the materials is furnished or labor performed, and that constructive or any other than the notice prescribed by statute is insufficient.

The case at bar differs from both the foregoing in the following particulars: *First*, the statement was filed and the notice given within the time required by law; *Second*, payment was not made in strict accord with the terms of the contract, nor were the buildings completed within the contract time; *Third*, the defendant had knowledge the materials had been furnished and used in the construction of the buildings by the parties claiming the liens for more than thirty days from the time the last of said materials were furnished, and *Fourth*, that there may be subcontractors who are to be paid by the defendant is recognized by the contract between Hood and the defendant.

Under the statute, chapter 100 of the laws of the Sixteenth General Assembly (Miller's Code, § § 2133–2134), the right of the subcontractor to a lien exists during the period of thirty days if at any time during such period the statement is filed and notice required by law is served. The rights of the subcontractor are materially different if no statement is filed and notice served during such period. If not done the owner may safely pay the contractor in accordance with the contract, because he has the right to suppose the subcontractor has been paid, or his right to a lien waived. Whatever knowledge the owner may have had of materials being furnished becomes immaterial unless the statement has been filed within the required time and the statutory notice given.

Now, while it is true the owner may make such a contract as he sees proper, and the subcontractor is bound thereby, yet if the contract recognizes there may be subcontractors whom the owner may be required to pay, and such owner has knowledge certain persons as subcontractors have furnished materials which were used in the construction of the

buildings, he cannot pay the contractor with impunity during the thirty day period. Having the knowledge aforesaid he, before paying the contractor, is bound to inquire whether the materials have been paid for. If this be not so then there is no difference between the thirty day period and afterward; that a distinction is recognized by statute is regarded as beyond a reasonable doubt.

The contract provides payments were to be made the subcontractors "by orders drawn by said Hood." The subcontractors had at least thirty days within which to obtain such orders, and before that period expired Hood had been paid all that was due him under the contract. The plaintiff cannot, therefore, be permitted to say no orders have been presented, as the payment was made wrongfully, and, therefore, no orders could be obtained.

AFFIRMED.