Robinson & Atherton v. The State Insurance Co.

Robinson & Atherton v. The State Insurance Co. et al.

1. **Mechanic's Lien**: NOTICE OF FILING CLAIM: EFFECT OF. The serving of a written notice of the filing of a claim for a mechanic's lien by a subcontractor is necessary to prevent payments to the principal contractor; and where such notice is not served until after the expiration of the thirty days prescribed by statute it can only operate to prevent the payment of whatever sum may at that time remain due from the owner.

*Appeal from Polk Circuit Court.*

WEDNESDAY, MARCH 23.

This is an action to recover for materials furnished and labor done for H. N. Woods & Son, contractors, and to enforce against the State Insurance Company a subcontractor's mechanic's lien. The court rendered judgment against H. N. Woods & Son for $163, and established a lien against the State Insurance Company to the extent of $29.18. The plaintiffs appeal.

*Cole & Cole*, for appellants.

*Brown & Dudley* and *Holmes & Nottingham*, for appellees.

DAY, J.—The abstract contains none of the testimony, and the cause must be determined upon the facts as found by the court. The court submitted a finding of facts as follows:

"1. That on the 31st day of May, 1878, the State Insurance Company entered into a written contract with H. N. Woods & Son, to build a three story brick block, to be located on Fourth street, in the city of Des Moines. A copy of said contract is on file and marked 'exhibit A.'

"2. That in pursuance of said agreement H. N. Woods & Son built said building for the State Insurance Company.

" 3.   That the contract price of said building was $6,994.

" 4.   That the State Insurance Company paid said H. N. Woods & Son, from time to time, as the work progressed, for said work, in accordance with the terms and stipulations of its contract with them.

" 5.   That J. A. Elliott, president of the State Insurance Company, had knowledge that the plaintiffs were subcontractors shortly after their contract was made, and that they were performing work upon and furnishing materials for said building; that he had no knowledge that said H. N. Woods & Son were behind in the payment of these or any other subcontractors until about the time he was notified of the claim for lien of the Chicago Lumber Company, said October 24, 1878, and that after he learned such fact he paid no more money to H. N. Woods & Son, but retained the amount due thereon, to-wit.: $816.35, to be paid to such parties as the court should determine were entitled to the same.

" 6.   That on the 24th day of October, 1878, the Chicago Lumber Company, being a subcontractor under said Woods & Son, filed a claim for $1,033.56, and also for a mechanic's lien on account of lumber furnished said Woods & Son, and that upon a hearing upon said claim a lien was established against said property of the State Insurance Company in' the sum of $677.62, which is prior to the claim of plaintiffs. The Chicago Lumber Company has appealed from said judgment to the Supreme Court of Iowa, and the appeal is still pending.

" 7.   That H. F. Getchell & Son were subcontractors under said H. N. Woods & Son, and that they furnished materials for said building amounting to the sum of $109.55, and that within thirty days of furnishing the last materials they filed a claim for a mechanic's lien, to-wit.: November 6th, 1878, and upon the same day served notice upon the proper officers of said State Insurance Company of the filing of said lien.

" 8.   That the plaintiffs, Robinson & Atherton, were subcontractors under H. N. Woods & Son, and performed labor and furnished materials as claimed by them in their petition;

that the sum of $163 is due plaintiffs from defendants H. N. Woods & Son.

" 9.   That plaintiffs completed their contract on the 12th day of October, 1878, but served no notice of filing their claim for a mechanic's lien except the notice of the commencement of their suit for a foreclosure of said lien, which notice was served December 26th, 1878, and which notice of suit contains also this clause in stating plaintiffs' claim, to-wit.: 'Also the foreclosure of a mechanic's lien filed November 7th, 1878, against said property.'

" 10.   That the balance due H. N. Woods & Son, after the payment of the lien of the Chicago Lumber Company, and H. F. Getchell & Sons, which liens are prior to the liens of plaintiffs, is the sum of $29.18.

" 11.   That the contract between H. N. Woods & Son and the State Insurance Company was made on the 31st day of May, 1878, and on the same date the said Woods & Son, as a part of said contract, executed a bond to the State Insurance Company with sureties, conditioned for the performance of the contract, and to deliver the building to the State Insurance Company free from any lien; a copy of which bond is on file with the papers in this case, and marked ' exhibit No. 10;' that the State Insurance Company made payments upon said contract at the times and in the amounts shown by an exhibit on file with the papers in this case, marked ' exhibit No. 11.' "

As conclusions of law from these facts, the court found that the claim of Getchell & Sons for a mechanic's lien is paramount to the claim of the plaintiffs, and that plaintiffs are entitled to a lien against the property of the State Insurance Company in the sum of $29.18.   From the order establishing the lien to this extent the defendants do not appeal.   The plaintiffs insist that the lien should have been established to the full extent of the judgment against H. N. Woods & Son.

The court found that the State Insurance Company paid

H. N. Woods & Son, from time to time, as the work progressed, in accordance with the terms and stipulations of its contract with them. As a consequence of these payments and of the mechanic's lien of the Chicago Lumber Company, and the claim for a lien of H. F. Getchell & Sons, there was due from the State Insurance Company to the contractors, H. N. Woods & Son, when the plaintiffs filed their claim for a lien, only the sum of $29.18, for which a lien was established. The only question is whether the State Insurance Company was justified, under the facts as found by the court, in making payments to Woods & Son as the work progressed, in accordance with the terms of the contract with them, and in not withholding enough to pay the subcontractors. The court found that J. A. Elliott, president of the State Insurance Company, had knowledge that the plaintiffs were subcontractors shortly after their contract was made, and that they were performing work upon and furnishing materials for said building, but that he had no knowledge that said H. N. Woods & Son were running behind in the payment of these or any other subcontractors, until about the time he was notified of the claim for lien of the Chicago Lumber Company, October 24th, 1878, and that after he learned such fact he paid no more money to H. N. Woods & Son, but retained the amount due them, to-wit.: $816.35, to be paid to such parties as the court should determine were entitled to the same. All the payments that the State Insurance Company made were made before the plaintiffs filed their claim for a lien, which was on the 7th day of November, 1878. The case differs from *Stewart & Hayden v. Wright*, 52 Iowa, 335, in that the State Insurance Company, defendant in this case, had knowledge that the plaintiffs were subcontractors, whereas, the answer in *Stewart & Hayden v. Wright*, to which the demurrer was interposed, averred that the defendant "had no notice nor knowledge of any arrangements made by Woods for labor or materials for said building." The case also differs from *Winter & Co. v. Hudson*, 54 Iowa, 336, in that

in this case the contractors, H. N. Woods & Son, executed a bond with sureties, conditioned for the delivery of the building to the State Insurance Company free from any lien, whereas in *Winter & Co. v. Hudson* the contract recognizes the fact that there may be subcontractors who are to be paid by the proprietor of the building. The cases further differ in the fact that in this case the payments were made in strict accordance with the terms of the contract, whereas, in *Winter v. Hudson*, they were not so made. We need not determine whether the case at bar falls under the principle of either of the above cases.

It is provided by statute that to preserve his lien as against the owner, and to prevent payments by the latter to the principal contractor, the subcontractor must, within thirty days from the completion of the work, or the furnishing of the last of the materials, serve upon the owner, his agent or trustee, a written notice of the filing of his claim. Miller's Code, § 2134.

It is further provided that a subcontractor may, at any time after the expiration of said thirty days, file his claim for a mechanic's lien, and give written notice thereof to the owner, his agent or trustee, and from and after the service of such notice his lien shall have the same force and effect as if filed within the thirty days, but shall be enforced against the property only to the extent of the balance due from the owner to the contractor at the time of the service of such notice upon the owner, his agent or trustee. Miller's Code, § 2135. In *Lounsbury v. The Iowa, Minnesota & North Pacific R. Co.*, 49 Iowa, 255, it was held that the giving of this notice is essential to the preservation of the lien. The plaintiffs completed their contract on the 12th day of October, 1878. They served no notice of the filing of their claim for a lien except the notice of the commencement of their suit to foreclose the lien, which was served December 6th, 1878, fifty-five days after the completion of their contract. If it should be conceded that this notice is sufficient to preserve their lien,

it can, under section 2135 above cited, be enforced only to the extent of the balance due at that time from the owner to the contractor, which, deducting the liens which are conceded to be prior to that of plaintiffs, was the sum of $29.18.

It is claimed by appellants that the subsequent case of *Stewart & Hayden v. Wright*, 52 Iowa, 335, recognizes the doctrine that other than written notice of the filing of the claim for a lien is sufficient. The language upon which this claim is based is as follows: " Upon the question as to whether the payments were with notice of plaintiffs' claim, 'there having been no written notice served, the burden was on the plaintiffs to show such notice." This language refers to notice of the fact that the subcontractor was performing labor by furnishing materials, on account of which he might insist upon a lien. It cannot refer to notice by the subcontractor that he had filed a claim for a lien, for it is distinctly stated that notice of the filing of the claim for a lien was served upon the owner of the building on the same day that the lien was filed. It follows that the judgment must be

AFFIRMED.