GILCHRIST v. ANDERSON ET AL.

1. **Mechanic's Lien:** PAYMENT ON CONTRACT: SUBCONTRACTOR. Where defendant contracted with T. to build a house and furnish the material, knowing that T. had to buy the lumber for the house of some one, and reserving the right to discharge mechanics' liens, if any should be claimed, and T. bought the lumber of plaintiffs, but defendant did not know that he had bought it on credit, until near the expiration of thirty days from the time the last of the lumber was furnished, when plaintiffs served upon him a notice of their lien, but before that time the contract price had become due and had been paid by the defendant to T., *held* that, under these circumstances, defendant could, in the exercise of reasonable diligence, have discovered that plaintiffs were entitled to a lien, and that the lien must, therefore, be established in an action for that purpose. *Winter v. Hudson*, 54 Iowa, 336, followed, and *Stewart v. Wright*, 52 Iowa, 335, distinguished.

Gilchrist v. Anderson.

*Appeal from Polk Circuit Court.*

TUESDAY, SEPTEMBER 19.

ACTION in equity to foreclose a mechanic's lien. The defendant Anderson contracted with one Troutman, a carpenter, to build a house for him in the city of Des Moines, and furnish the material. Troutman bought the lumber for the house, of the plaintiffs, who were lumber dealers in the city of Des Moines. Anderson knew that he had to buy the lumber for the house of some one, but did not know that he bought it of the plaintiffs, and did not know that he bought it on credit of any one until near the expiration of thirty days from the time the last lumber was furnished, when the plaintiffs served upon him a written notice of their claim. Before that time, however, the contract price of the house had become due from Anderson to Troutman, and Anderson had paid it. Upon this state of facts the court dismissed the plaintiffs' petition, and they appeal.

*Barcroft, Gatch & McCaughan,* for appellants.

*William Kennedy,* for appellee.

ADAMS, J.—The appellee claims that the case falls within the decision in *Stewart v. Wright,* 52 Iowa, 335, and such, we doubt not, was the view of the court. In that case the defendant, Mary L. Wright, averred for answer that before the service upon her of the statutory notice she had paid the contractor, Hood, and without "knowledge of any arrangement made by Hood for labor or materials for the building." On demurrer this answer was held sufficient. While the lien is a statutory one, and dates when perfected, from the performing of the labor, or furnishing of the materials, yet it is to be enforced in equity, and it was thought that it ought not to be enforced where it would be inequitable to do so.

The case at bar differs from that, in this, that Anderson knew that Troutman had to buy the lumber for the house.

It differs also in the fact that it was provided in the contract that Anderson reserved the right to discharge mechanics' liens if any should be claimed.

The case, we think, falls more nearly under *Winter & Co. v. Hudson*, 54 Iowa, 336. It is true, that in that case, the owner knew that the materials for which claim was made, had been furnished by the parties claiming the liens. In the case at bar, Anderson simply knew that lumber had been furnished by some one. In neither case was it known to the owner that the materials had been bought on credit. Hudson's liability was not based upon the fact that she had actual knowledge that liens could be claimed, but that her knowledge was such that she was put upon inquiry. The case at bar is not quite as strong a case for the subcontractors, but we cannot distinguish it from *Winter & Co. v. Hudson*, unless we can say that the owner is put upon inquiry where he knows the names of the persons who have furnished materials, and is not put upon inquiry where he knows simply that materials have been furnished by some one.

The test question is as to whether Anderson could probably, in the exercise of reasonable diligence, have discovered that the plaintiffs were entitled to a lien. We have to say that it appears to us that he could. Troutman, with whom Anderson was dealing, knew of whom he purchased lumber. Anderson's true source of information was abundantly apparent. If he had made proper inquiry of Troutman, and Troutman had refused to answer, or had made false answers, the case might be different. His means of information would not appear to be so good.

In our opinion, then, the case cannot properly be distinguished from *Winter & Co. v. Hudson*, and the judgment must be

REVERSED.

DAY, J.—I concur in the foregoing opinion solely upon the ground that Anderson should have inquired of Troutman if there were any liens upon the property before making pay-

ment in full. If he had made such inquiry and failed to learn of the existence of liens, I think the liens could not have been enforced against him.