## FAY & CO. v. ORISON.

1. **Mechanics's Lien:** DUTY OF OWNER TO PROTECT SUB-CONTRACTOR
   Where the owner of land had a building erected thereon under contract, and he knew, when he made final payment to the principal contractor according to the terms of the contract, that the plaintiffs had furnished the materials for the building, but did not know that the materials had been purchased on credit and had not been paid for, *held* that, by the exercise of reasonable diligence, he might have discovered that plaintiffs had furnished within thirty days materials which had not been paid for, and that, therefore, such final payment would not avoid a mechanic's lien filed by plaintiffs for such materials, notice of which was duly served on the owner within thirty days after the last of the materials had been furnished, though not till after such final payment had been made.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 8.

ACTION by a sub-contractor to establish a mechanic's lien, which the court refused to the extent claimed by the plaintiffs, and they appeal.

*Mills & Keeler,* for appellants.

*Ward & Harman,* for appellees.

SEEVERS, CH. J.—The defendant, Orison, as principal contractor, entered into an oral contract with the defendant Oard to erect a building on real estate owned by the latter for the sum of $530. Orison was to furnish all the materials. Oard paid $150 at the time the contract was made, and agreed to pay the residue as the work progressed. He subsequently paid the contract price in accordance with the contract. Orison procured of plaintiffs the materials for the erection of the building and is indebted to them therefor. Within thirty days after the materials were furnished, but not until Oard had paid Orison, as above stated, the requisite statutory notice was served claiming the lien. One close question is whether Oard before making the last payments had knowledge that Orison had procured the materials of the plaintiffs. We find the fact to be that he did have such knowledge. But the evidence fails to show that the materials had been purchased on credit, and had not been paid for.

This case differs from *Stuart & Hayden v. Wright,* 52 Iowa, 335. In that case the defendant had no knowledge of any arrangements made by the principal contractor for the materials with which the building was erected. The case before us also differs from *Winter & Co. v. Hudson,* 54 Iowa, 336, and *Gilchrist v. Anderson,* 59 Iowa, 274. In both of these cases the contract was in writing, and the right was reserved therein by the defendants to pay any mechanics liens that should be claimed. In the case last cited the defendant

did not know that material had been procured of the plaint-
iffs.    In the case at bar the defendant did have such knowl-
edge.    In *Gilchrist v. Anderson* it was said: "the test
question is as to whether Anderson could probably in the
exercise of reasonable diligence have discovered that the
plaintiffs were entitled to a lien."    That is, whether they had
furnished materials within thirty days preceding the payment
which were not paid for.    Such being the rule, we feel con-
strained to say that if Oard had used ordinary care he could
have obtained knowledge of plaintiffs' claim before he made
the payments subsequent to the first.    Oard knew the ma-
terials had been furnished by the plaintiffs, and all he had to
do was to inquire whether they had been paid for.    Having
failed to do this, we think the lien should be established.    As
the case is triable anew in this court, we have examined the
evidence in relation to the amount due the plaintiffs, and find
that materials of the value of $20.66 never were used in the
construction of the building, and were not procured by Orison
for that purpose, and as to such materials the plaintiff is not
entitled to a lien.

REVERSED.