The Fullerton Lumber Co. v. Osborn.

*Appeal from Pottawattamie District Court.*

SATURDAY, OCTOBER 8.

---

THE FULLERTON LUMBER CO. v. OSBORN.

1. **Mechanic's Lien:** SUBCONTRACTOR: PAYMENT TO CONTRACTOR: WHEN JUSTIFIED. Where the owner of a building in course of erection had contracted to pay to the contractors eighty per cent of all the work done and materials furnished every Saturday night, and the rest of the contract price upon completion of the building, and he knew that the contractors would have to purchase, and did purchase, lumber of some one, but he had reason to suppose that they were solvent, and there were several lumber dealers in the city where the building was erected, and he did not in fact know who was furnishing the lumber, and the contractors abandoned the work before it was completed, *held* that he was authorized to pay the contractors, in strict accordance with the terms of the contract, for the work done and materials furnished, as well as for extra work done on the building by them, and to pay out to others the amount necessary to complete the building, and that the material man, as a subcontractor, could recover of the owner, on a mechanic's lien, only so much of the contract price as yet remained in his hands. (*Gilchrist v. Anderson,* 59 Iowa, 274, and *Winter v. Hudson,* 54 Id., 336, in which cases the owner had reserved the right to pay subcontractors' liens, distinguished.) [ADAMS, CH. J., *dissenting.*]

*Appeal from Woodbury Circuit Court.*

SATURDAY, OCTOBER 8.

ACTION in equity by a subcontractor to enforce a mechanic's lien. Judgment for the plaintiff, but, being dissatisfied with the amount of the judgment, the plaintiff appeals.

*A. C. Strong*, for appellant.

*Marks & Mould*, for appellee.

SEEVERS, J.— On or about September 30, 1885, the defendant entered into a written contract with Wakefield & Moir, and thereby the latter contracted to furnish material, and to erect a building, according to certain specifications, for the defendant; and the latter agreed to pay therefor $1,200, as follows: Eighty per cent of all the work done, and material furnished, every Saturday; and the balance of the contract price to be paid on the completion of the building. The plaintiff furnished lumber and material for said building to the amount of $395.62. The last item was furnished on November 5th, and on the 17th day of the same month the plaintiff filed in the clerk's office a statement of the account, and claimed a mechanic's lien, and the 20th of said month caused the defendant to be notified of such claim. Prior to that time, and in strict accordance with the contract, the defendant had paid Wakefield & Moir $800 or more. On November 24th, Wakefield & Moir gave the defendant notice that they were unable to complete the building, and they abandoned the same. It required an expenditure of $286.65 to complete the building in accordance with the contract, and this the defendant paid. Wakefield & Moir did extra work on the building to the amount of $52.70. It may be supposed that the theory of the court was as follows:

| | | |
|---|---:|---:|
| Contract price | $1,200 | 00 |
| Extras | 52 | 70 |
| | $1,252 | 70 |

*Contra:*

| | | | |
|---|---:|---:|---:|
| Payments | $800 00 | | |
| Expended in finishing building | 268 65 | 1,068 | 65 |
| | | $184 | 05 |
| Interest | | 8 | 30 |
| Judgment, | | $192 | 35 |

For this amount judgment was rendered in favor of the plaintiff.

The contention of the plaintiff is thus stated by counsel: "The really vital question is, * * * was the defendant justified in paying Wakefield & Moir the money he did, at the time he did?" It will be observed that the payments were made in strict accord with the contract, and prior to the filing of the lien, or service on the defendant of a notice that a lien was claimed. This being so, the defendant is not liable to any greater extent than the amount for which judgment was rendered, unless he had knowledge or was bound to know that the plaintiff had furnished materials which were used in the construction of the building. The defendant testified, and he is in no respect contradicted, that he knew Wakefield & Moir were not lumber dealers, and that they purchased the lumber somewhere, but that he did not know of whom. Was he bound to inquire? The contract was made, and the house was to be erected, in Sioux City, where, it may be supposed, there are several lumber dealers; and the question is whether the defendant, under such circumstances, was bound to inquire of whom the lumber was purchased. The plaintiff cites and relies on *Gilchrist v. Anderson*, 59 Iowa, 274, and it must be confessed that the facts in that case and this are identical, except in two particulars. The first is that Anderson, in the cited case, had reserved the right to discharge mechanics' liens, if any should be claimed. He therefore was not bound to pay in accordance with the contract in such event, but had the contract right to discharge such liens. The second difference is that, in this case the contractors failed to complete the building, abandoned the same, and the defendant was compelled to expend more money to complete it than sufficient to discharge the plaintiff's lien. In *Winter v. Hudson*, 54 Iowa, 336, the fact that the owner had provided in the contract that he had the right to pay mechanics' liens was regarded as a controlling circumstance, and we think it should be so

regarded. In such case the owner has anticipated that there may be such liens, and has provided, so far as he can, that he may suffer no loss therefrom. In such case he should inquire as to the existence of claims that may become liens.

When such a provision is inserted in the contract, it may well be supposed that some good reason therefor existed; such as the insolvency of the contractor. There is no evidence in this case which tends to show that the defendant knew the contractors were insolvent, or unable to perform any contract they might enter into; and upon inquiry, prior to the contract, he learned that they were "straight, honorable men." The defendant was bound to pay in accordance with the contract; if he had failed to do so, he would have become liable for all damages sustained thereby by the contractors, who could possibly have abandoned the job for this reason earlier than they did. It is exceedingly doubtful if the defendant could have excused himself from paying in accordance with the contract, by claiming that the lumber was not paid for, and that he might become liable to subcontractors, when there was no provision in the contract authorizing him to protect himself against mechanics' liens. Whether he could safely have refused to pay in accordance with the contract, under the pretense that such course was essential to protect himself against liens, we think is immaterial, for the reason that he was not bound to take such risk. Having, therefore, merely knowledge that the contractors had procured lumber from some person unknown, the defendant was not bound to inquire and protect himself against the lien of such person, when the contract did not authorize him to do so; but in such case he could well pay the contractors in strict accordance with the contract.

The defendant, in argument, insists that the judgment against him is more than it should be; but, as he did not appeal, we are unable to grant him any relief.

AFFIRMED.

ADAMS, CH. J., dissents.