H. L. FROST, Appellant, v. MARY E. RAWSON et al.

1 Mechanic's Lien: Notice by Subcontractor. To preserve his lien against the owner, a subcontractor must serve him with
2 *written* notice that he has filed claim.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

WEDNESDAY, OCTOBER 3, 1894.

ACTION to foreclose a mechanic's lien. Mary E. Rawson and others, defendants, contracted with J. H. Robinson, who is also a defendant, to do the mason work in the erection of a brick building on a lot owned by them. The plaintiff subcontracted with Robinson to furnish the brick for the building, and they were so furnished; the last of them being delivered on the twenty-fourth day of June, 1891. On the sixteenth day of July, 1891, the plaintiff filed a mechanic's lien on the building and lot for one hundred and sixty-five dollars and twenty cents, and gave to the owners of the lot, who were the contractors with Robinson, verbal notice of the filing of the claim. Robinson gave to his employers a bond for his faithful performance of the contract to do the mason work on the building, with certain parties as sureties. In September, 1891, the employers of Robinson commenced a suit in equity against Robinson and the sureties on his bond, and the subcontractors under Robinson, including the plaintiff,

alleging that Robinson had abandoned the work on the building, and asked the court to determine the amount due Robinson from them, and also their obligations to the different subcontractors because of Robinson's indebtedness to them. Pending said suit, and before notice thereof was served on plaintiff in this suit, and before he could answer the petition, the same was withdrawn and the parties adjusted their differences without suit, except this plaintiff, without making any provision for the payment of his claim. At the time of the commencement of the equity suit, and when the same was settled, all the parties had actual notice of the claim of plaintiff. The plaintiffs in the equity suit, and the defendants therein, except the plaintiff in this suit, are made defendants herein. These facts are stated in the petition, and there is a prayer for judgment for the amount due, and for a foreclosure of the mechanic's lien. The district court sustained a demurrer to the petition, and gave judgment for defendants. The plaintiff appealed.—*Affirmed.*

*Phillips & Day* for appellant.

*St. John & Stevenson* and *Lewis & Royal* for appellees.

GRANGER, C. J.—The demurrer to the petition was filed by Mary E. Rawson and the other defendants, who were owners of the lot and employers of Robinson. The question for determination is as to the liability of a subcontractor for improvements. It will be observed that the only notice given the owners, by the plaintiff, of the filing of his claim, was a verbal one, and that the equity suit was commenced, and the adjustments made with the other subcontractors, more than thirty days after the last of the material was furnished. The precise question is as to the kind of notice that will preserve the lien of a subcontractor beyond the thirty days in which the law preserves it

for him without notice.  By section 7, chapter 100, Acts of the Sixteenth General Assembly, it is provided: "To preserve his lien as against the owner and to prevent payments by the latter to the principal contractor or to the intermediate subcontractors, but for no other purpose, the subcontractor must within thirty days, as provided by section 6, serve upon such owner, his agent or trustee, a written notice of the filing of said claim," etc.  By section 8 of the act it is provided that the notice may be served after the thirty days, but its effect then will be only to preserve his lien as to any balance that may be due from the owner to the contractor at the time of the service.  It is urged by appellant that there was actual written notice in this case, because of the claim filed, of which the owner had actual notice.  Plaintiff's right to a lien is purely statutory, and to preserve it, he must pursue the statutory requirements.  Section 6 of the act requires that subcontractors, to avail themselves of a lien, shall file a claim therefor within thirty days, and then, to stop the owner from payments to the contractor beyond the thirty days, he must, within the thirty days, serve upon the owner "a written notice of the filing of said claim." When the different sections and provisions of the law are considered, the proper construction seems clear.  The notice to preserve the lien is a *written* one served on the owner.  It is not a verbal notice that a claim has been filed, as was done in this case.  The views of this court are quite clearly expressed, on this point, in *Lounsberry v. R'y Co.*, 49 Iowa, 255; *Robinson v. Ins. Co.*, 55 Iowa, 489, 8 N. W. Rep. 314; and *Lumber Co. v. Murphy*, 64 Iowa, 165, 19 N. W. Rep. 898.  There is a claim by appellant that, although these cases announce a rule in harmony with that above expressed, the point was not involved, but we think otherwise; and, besides, we are satisfied with the conclusions therein expressed.  See, also, the recent case

of *Walker v. Queal, post,* 58 N. W. Rep. 1083. This holding is conclusive of this case on the appeal, and the judgment is AFFIRMED.