IOWA STONE COMPANY v. W. L. CRISSMAN, Appellant.

**Mechanics Liens:** RIGHTS OF SUB-CONTRACTOR. Where the owner of land contracts with another for the material and labor for certain buildings, and agrees to pay for the same when the work is completed, and the contractor sublets the contract for the material, and obtains credit for the same, of which fact the owner has no knowledge or notice which would require him to make inquiries, till after the completion of the work and payment in full to the principal contractor, and the contract contains no provisions as to the payment of claims or liens, a mechanic's lien placed on such property by the subcontractor cannot be enforced against such owner.

**Appeal:** OBJECTION BELOW. Where no question as to a defect of parties is raised in a district court on the trial of the issue, such question cannot be considered on an appeal to the supreme court.

SAME. Where objection to a petition, that it does not state a cause of action is not made on the trial of the issue in the district court, such objection will not be considered on appeal.

*Appeal from Linn District Court.*—HON. W. N. TREICHLER, Judge.

THURSDAY, OCTOBER 11, 1900.

ONE McGee contracted with the defendant to furnish material and work for certain stone foundations for buildings under an oral contract that payment should be made when the work was completed. The plaintiff, as a subcontractor, furnished the stone for the foundations, and within the statutory time, but after the work had been fully completed and paid for, it filed its statement for a mechanic's lien, and served the required notice upon the defendant. This action is to enforce the lien against the property of the defendant. There was a judgment for the plaintiff. Defendant appeals.—*Reversed.*

*Crissman & Holbrook* for appellant.

*John N. Hughes* for appellee.

Sherwin, J.—The principal contractor, McGee, was not made a party to this action, nor had plaintiff's claim against him been adjudicated. The petition alleged that the amount due had been agreed to by all parties, and this was not denied. If this undenied allegation were to be held insufficient, no question as to defect of parties was raised in the court below, and consequently cannot be considered here. *Coe v. Anderson,* 92 Iowa, 515; *Bouton v. Orr,* 51 Iowa, 473. So an objection that the petition does not state a cause of action cannot be made in this court for the first time. *Ross v. Insurance Co.,* 93 Iowa, 222, and cases cited.

The contract with McGee was made by defendant through his agent, George T. Hedges. Immediately upon the completion of the work Hedges gave McGee a statement of the amount due him, properly certified, and this was presented to the defendant, and payment thereof made at once. The evidence conclusively shows that the defendant, neither personally nor by knowledge communicated to Hedges, knew that the plaintiff was furnishing any material for the foundations in question, or that McGee was obtaining credit for the stone used therein. The first information of these facts received by either was after payment in full had been made, in strict accordance with the terms of the contract. No provision was made in the contract relative to the payment of claims or liens. Upon this record it is manifest that the plaintiff is not entitled to recover.

He was bound to know the terms of the contract between McGee and the defendant, whether written or oral. *Stewart v. Wright,* 52 Iowa, 335; *Blanding v. Railroad Co.,* 88 Iowa, 225. And if the defendant did no more than to

comply with the terms thereof, in good faith and without knowledge or notice which would require him to make inquiries, equity and good conscience will not require him to make a second payment. *Stewart v. Wright, supra; Kilbourne v. Jennings,* 38 Iowa, 533; *Lumber Co. v. Osborn,* 72 Iowa, 472; *Andrews v. Burdick,* 62 Iowa, 714; *Epeneter v. Montgomery County,* 98 Iowa, 159. This work was done in Cedar Rapids, and, as was said in *Lumber Co. v. Osborn,* "it may be supposed there were several dealers in stone there, and the defendant was not bound by the law, nor authorized by his contract, to run over the city to find out where the stone in his foundation came from." The case at bar is unlike the case of *Gilchrist v. Anderson,* 59 Iowa, 274, in this: There "it was provided in the contract that Anderson preserved the right to discharge mechanics' liens, if any should be claimed." Not so here, and this distinction has been recognized in *Winter v. Hudson,* 54 Iowa, 336; *Fay v. Orison,* 60 Iowa, 136; *Lumber Co. v. Murphy.* 64 Iowa, 165. In the *Fay-Orison Case* the holding is founded also upon the fact that Oard had knowledge that the materials were purchased of the plaintiff. The same facts appear in *Lumber Co. v. Woodside,* 71 Iowa, 359; *Othmer v. Cliflon,* 69 Iowa, 656; *Simonson Bros. Mfg. Co. v. Citizens' Slate Bank,* 105 Iowa, 264; and in *Lumber Co. v. Thomas,* 106 Iowa, 154. In *Merritt v. Hopkins,* 96 Iowa, 652, it is expressly said that the case is not "within the class of cases holding that the owner may pay the contractor according to the strict terms of the contract." The judgment is REVERSED.

GRANGER, C. J., not sitting.