F. M. SLAGLE & COMPANY, Appellant, v. DE GOOYER & STAPLEFORD, JOHN G. LANKELMA *et al.*

**Bond by Contractor to Owner:** INDEMNITY AGAINST CLAIMS OF SUBCONTRACTORS: *Does not oblige owner to satisfy claims of subcontractors.* It would seem that the execution of a bond to an owner by a contractor to indemnify the latter for the claims of subcontractors does not imply an agreement on the part of the owner that such subcontractor shall be paid, so that the owner may not make payment to the contractor, even in accordance with the terms of the contract, without seeing that subcontractors claims are satisfied.

**Appeal:** RETAXATION OF COSTS: *Ruling below.* Where appellant moved in the trial court for retaxation of costs, but appealed without securing any ruling on the motion, no question involved in the motion is before the appellate court.

VOL. 115 IA—26

MOTION IN CASE TRIED DE NOVO: *Assignment of errors.* On appeal in an equity case triable *de novo,* from a ruling on a motion for a retaxation of costs, no question as to such motion is before the appellate court without an assignment of error on the ruling.

*Appeal from Sioux District Court.*—HON. JOHN F. OLIVER, Judge.

MONDAY, JANUARY 27, 1902.

ACTION in equity by sub-contractors to foreclose mechanic's lien. The decree established plaintiff's lien for a less amount than asked, and plaintiffs appeal.—*Affirmed.*

*L. Van Olst* and *J. U. Sammis* for appellants.

No appearance for appellee.

McCLAIN, J.—In the absence of an argument for appellees we prefer not to follow appellant's counsel in the elaborate discussion of the authorities relating to liens by sub-contractors. It is sufficient to say that the owner of the property, Lankelma, made payments to the contractors, De Gooyer & Stapleford, in accordance with the terms of the contract, leaving, as the lower court found, the sum of $771.79 in the hands of Lankelma, for which sum his property was subject to plaintiffs' lien for material furnished De Gooyer & Stapleford in carrying out their contract. The sum of $787.85 was found to be due to plaintiffs, and judgment was rendered against De Gooyer & Stapleford in plaintiffs' favor for that amount. In other words, so far as plaintiffs' lien is concerned, this appeal is taken on account of refusal of the court to sustain the lien to the extent of $16.06. The correctness of the finding of the lower court as to the amount paid under the terms of the contract and the amount remaining due to De Gooyer & Stapleford is not specifically questioned, but the contention of appellants seems to be that, as a part

of the contract between the owner and the principal contractor, it was agreed that the owner should pay claims of sub-contractors, and that, therefore, within the principle of *Gilchrist v. Anderson,* 59 Iowa, 274, and *Winter v. Hudson,* 54 Iowa, 336, the owner could not make payment to the contractor, even in accordance with the terms of the contract, without seeing that sub-contractors' claims were satisfied. But the written contract relied on does not contain any such stipulation.   It is said that a bond was executed to the owner to indemnify him for claims of sub-contractors, and that this implied an agreement that such sub-contractors should be paid; but no authority is cited in support of the proposition that such bond, without any stipulation therefor in the contract, imposes a duty upon the owner to the sub-contractors to satisfy their claims.  We do not desire to conclusively commit ourselves on this proposition, but, in the absence of any convincing argument made in this case, we are not inclined to recognize any such rule.

Counsel for appellants argue at some length the provisions of the decree of the lower court as to taxation of costs.  We think the decree was correct in this respect, but, without discussing in detail the points involved, it is sufficient to say that appellants moved in the lower court for retaxation, and then appealed without securing any ruling of the court on this motion.   Plainly, therefore, no question involved in the motion is before us for consideration.   Moreover, in appealing from a ruling on this kind of motion, or as to a matter which should be brought to the attention of the lower court by motion, an assignment of errors is required, and there is no assignment in the record.   We cannot, on appeal in an equity case, triable to us *de novo,* go into the correctness of the taxation of costs, unless error with respect thereto is assigned.— AFFIRMED.