EISLER, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*March 16—April 11, 1916.*

*Railroads: Track elevation: Changing grade of street pursuant to city ordinance: Compensation.*

1. The lowering of the grade of a street in front of a lot so as to make the street pass under railway tracks is not *damnum absque injuria*, but is a taking of property for railway purposes for which compensation must be made to the lotowner, even though his lot does not touch the railroad right of way, and even though the work is done by the railway company pursuant to a city ordinance enacted under the police power.

2. The taking in such a case, though done long after the railway was built, is none the less a taking by the railway company under its charter powers.    The city cannot, in the absence of express legislative authority, confer upon the company any power to take.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Proceedings for condemnation under sec. 1852, Stats. 1915, brought by the owner to determine the damages he has sustained by reason of the taking of his land by the railway company in raising its tracks across Kinnickinnic avenue in Milwaukee. When the railway was built the avenue existed and the road crossed it at grade and nearly at right angles. In 1906 the railway company was compelled by the city of Milwaukee to elevate its tracks above the avenue and to lower the latter so that it became a subway under the track. In making the subway it became necessary to lower the established grade of the avenue, and the grade was lowered in front of plaintiff's land which abutted on the avenue but did not touch the railroad right of way.

The circuit court entered an order appointing commissioners to determine the damages sustained by the petitioner by reason of the taking of his land. From such an order the railway company appealed.

*C. H. Van Alstine* and *H. J. Killilea,* for the appellant.

For the respondent there was a brief by *Otjen & Otjen,* and oral argument by *H. H. Otjen.*

VINJE, J. The railway company makes two main contentions on its appeal. The first is that since the change in grade was made in pursuance of the valid exercise of a police power the taking is *damnum absque injuria.* This contention was negatived by this court in *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, 416, 14 N. W. 273, where it was held that the lowering of a grade of a highway in front of the owner of the premises to make it conform to the grade of the railway was not *damnum absque injuria,* but a taking of private property for which just compensation must be made as required in sec. 13, art. I, of the state constitution. This ruling was again reaffirmed in *Buchner v. C., M. & N. W. R. Co.* 60 Wis. 264, 273, 19 N. W. 56, and has since been stead-

fastly adhered to, the case of *Pabst B. Co. v. Milwaukee,* 157 Wis. 158, 147 N. W. 46, being the last to reaffirm it. It was there held that the right of taking on the part of the railroad is a continuing one that may be exercised at any time when occasion therefor occurs, and that each taking is the exercise of a power granted to it by the state.

The railroad company's second contention is that the taking in the present case is not a taking by the railway company, but is a taking by the city under an ordinance received in evidence passed by the city which in detail describes just how the track shall be elevated and the avenue lowered; prescribes the material to be used; provides that the city shall adjust and pay all damages caused by the change in grade of any street, and that the ordinance shall not be in force till accepted in writing by the railway company. The provisions of the ordinance are not set out in further detail because it is deemed they have no legitimate bearing upon any question raised by the appeal. The taking in the present case, though made a long time after the road was built, is none the less a taking by the railway company under its charter powers. In *Pabst B. Co. v. Milwaukee, supra,* it was expressly held that there was no power in the city to take land for railroad purposes. That being so, the city cannot, in the absence of express legislative authority so to do, confer any power upon the railway to take. It follows that, since the railway takes by virtue of its statutory power and the taking is not *damnum absque injuria,* the court properly appointed commissioners to determine the damages which the petitioner sustained by reason of the taking.

*By the Court.*—Order affirmed.