Lounsbury v. The Iowa, Minnesota & North Pacific R. Co.

LOUNSBURY v. THE IOWA, MINNESOTA & NORTH PACIFIC R. CO.

1. **Mechanic's Lien: SUB-CONTRACTOR: NOTICE.** The filing of a statement of account required to be filed with the clerk by a sub-contractor within thirty days, to establish his lien, or, if he claims a lien upon a railway, within sixty days from the last day of the month in which the work was done, does not entitle the sub-contractor to his lien unless he shall, within the proper time, give written notice of the filing thereof to the owner, or his agent or trustee. Any other than the written notice contemplated by statute will not avail.

*Appeal from Jasper District Court.*

FRIDAY, OCTOBER 11.

THE plaintiff seeks the establishment of a mechanic's lien on the railway of defendant. There was a reference to the Hon. S. G. Smith, who reported the facts and his conclusions of law, and his report having been confirmed by the court and lien denied, the plaintiff appeals.

*Sankey & Cook,* for appellant.

*J. C. Cook,* for appellee.

SEEVERS, J.—The plaintiff, or those under whom he claims, were sub-contractors, the principal contractor being the "Iowa and Minnesota Construction Company." The lien was established on the railway to the extent of the interest of the construction company therein, and as to the railway company the case turns upon the question whether any notice was served on said company of the filing of the claim for a lien in the clerk's office. The lien is claimed under the provisions of chapter 100 of the Acts of the Sixteenth General Assembly, and section 6 thereof provides that every contractor and sub-contractor shall file with the clerk of the district court of the proper county a just and true statement of the account or demand due him,

which must be filed by the contractor within ninety, and by the sub-contractor within thirty, days from the date on which the last material was furnished, or work done; but, if the lien is claimed upon a railway, the sub-contractor has sixty days from the last day of the month in which the labor was done, or materials furnished, within which to file the claim.

Section 7 provides that "to preserve his lien as against the owner, and to prevent payments by the latter to the principal contractor or to intermediate sub-contractors, but for no other purpose, the sub-contractor must, within the thirty days as provided in section 6, serve upon such owner, his agent or trustee, a written notice of the filing of said claim    *    *    *."

We have no occasion to determine the seeming conflict between these sections as to whether the notice provided for in section 7 must be served within thirty or sixty days, where the lien is claimed on a railway; for it is not claimed that any notice was served until after the expiration of sixty days from the last day of the month in which the last labor was performed, and we incline to think that, at least, it must be served within that time.

But it is unnecessary to determine even this question, for, as we shall presently see, the notice required by statute has not been given.

It will be seen that a "written notice of the filing of the claim" must be given the owner. That is to say, the owner must be notified that a claim has been filed in the clerk's office. When he receives such a notice the owner may examine the claim filed, and determine its sufficiency; but, whether he does so or not, all after payments are made at his peril. The opportunity, however, must be given him to determine whether he can safely pay or not. This is a statutory right that cannot be omitted.

As this is a statutory lien, it matters not what notice or knowledge the owner may have, if the required notice is not given at least in substance. No such thing as constructive notice is known to, or recognized by, the statute. Now the

only notice given the defendant was the original notice, served when the action was commenced, as against the railway company.

We have looked in vain for any statement therein that a claim for a lien had been filed in the clerk's office or elsewhere, or any statement from which it can be fairly inferred.

All that is said on the subject is, that the plaintiff claims of defendant "three hundred dollars for work and labor done on said railway, and for orders issued for said work; also praying the foreclosure of a mechanic's lien upon the road-bed * * * belonging to said railway company."

This is something quite different from the statutory notice. A party might well ask for the foreclosure of a mechanic's lien when no claim therefor had been filed. But, whether this be so or not, the statute is plain, explicit and positive. There is not, therefore, any room for construction.

The views herein advanced render a discussion of the other questions unnecessary, as in no event can the plaintiff obtain the relief asked.

AFFIRMED.