MERRITT & ALLEN v. E. E. HOPKINS, *et al.*, ELLEN H. BALLOU, Appellant.

**Mechanic's Lien:** SUBCONTRACTORS. Chapter 100, Sixteenth General Assembly, requires that in order to preserve his lien against the lien holders and prevent payment by the owner, a subcontractor must, within thirty days after the last material is furnished serve on the owner a notice that he has filed his claim with the clerk. *Held,* an original notice, served within the thirty days, which states that a lien is claimed but not that the claim has been filed, is insufficient.

·SAME. The mere fact that a subcontractor ceases for a time to work on the building and then commences again does not prevent his obtaining a lien for the entire work and filing a claim within the required time, after performing the last of the work.

SAME. The owner of a building cannot reduce the liens of subcontractors by indorsing notes of the principal contractors, where such indorsement is not in pursuance of any claims for liens.

·SAME. It was agreed that the owner should pay a part of the contract price by giving the contractor an order on a third person; also that ten per cent. of the contract price, as estimated, should be retained until the work was completed. *Held,* the sum reserved should be ten per cent. of the total price and not of the price minus the order, and this ten per cent. should not, as against persons who might file subcontractors' liens, have been paid before the completion of the work.

*Appeal from Buchanan District Court.*—HON. J. J. NEY, Judge.

THURSDAY, JANUARY 23, 1896.

This case involves the right of subcontractors to mechanics' liens upon a dwelling house which defendant Hopkins, as contractor, built for the defendants Ellen H. Ballou and F. B. Ballou. In addition to the plaintiffs there were several other subcontractors who claimed liens. These claimants are E. Kline, G. F. Crane, L. M. Stevens, I. R. Preble, M. V. Iliff, and J.

C. Primus. All of the subcontractors commenced
actions to establish their liens. These actions were
consolidated and tried as one cause. It was deter-
mined by the court that Merritt & Allen were entitled
to a lien as claimed by them, and that it was the first
and superior lien, and liens were established in favor
of the other subcontractors as follows: Those of M.
V. Iliff, I. R. Preble, and E. Kline were first in priority,
and as between them they were equal. L. M. Stevens'
lien was second; J. C. Primus', third; and George
Crane's, fourth. From the decree thus rendered, Ellen
Ballou and F. B. Ballou, the owners 'of the building,
appeal, and some of the defendants appeal from the
decree so far as it fixes the priority of Merritt & Allen.
—*Affirmed.*

*Chas. E. Ransier* for appellant Ballou.

*Frank Jennings* for appellant Lizzie Ballou, who
has become owner of the claims of L. M. Stevens, I. R.
Preble, M. V. Iliff, and J. C. Primus.

*J. H. Williamson* for appellee George F. Crane.

*H. W. Holman* for appellee E. Kline.

*E. E. Hasner* for appellees Merritt & Allen.

Rothrock, C. J.—I.    Ellen H. Ballou is the wife of
F. B. Ballou, and is the owner of the lot upon which
the dwelling house was erected. On the first day of
August, 1893, a written contract was entered into
between Hopkins and Ellen Ballou, by which Hopkins
undertook to furnish the materials, and build and com-
plete the house in four months. The contract price

for building the house was four thousand one hundred dollars, and payment was to be made as follows: "At the end of each month, ninety (90) per cent. of the value of the work actually done, to be estimated by the architect in charge of said building, and the balance of ten per cent. shall be paid when the whole work mentioned and described in this contract * * * shall have been completed and delivered to said second party, and by said second party or by the architect accepted, and not before." The said contract also contains the following stipulation: "E. E. Hopkins also agrees to accept an order on R. Plane & Co. for eight hundred dollars as part payment on this contract." A question in dispute between the parties is whether the order of eight hundred dollars should be held to be a part of the contract price for building the house, in determining the monthly payments to be made to the contractor by the owner. It is contended in behalf of the owner that the ten per cent. to be held till the completion of the house should be estimated upon the balance after deducting the eight hundred dollars. We have set out that part of the contract, and we think it is so plain that the ten per cent. to be retained applies to the whole sum of four thousand one hundred dollars named in the contract that we do not deem it necessary to discuss it. The eight hundred dollars was payment, just the same as if it had been paid in cash, instead of by an order on a third person.

II. Merritt & Allen furnished materials for the building. The house was completed and delivered to Ballou late in the month of December, after the contract was entered into. Ballou made payments from time to time, according to the estimates of the work done, and the whole of such payments amounted to three thousand nine hundred dollars. The last payment was two hundred dollars, on the twelfth day of

December, 1893. And Merritt & Allen furnished the material for which they claim a lien from time to time during the progress of the work. The last item was furnished on the twenty-first day of December. The claims for liens were filed at the time following: Merritt & Allen, January 9, 1894. All of the others were filed on the next day, but that of Primus, which was filed on the eleventh, and Crane on the thirteenth, of that month. The plaintiffs did not serve written notice upon Ballou of the filing of their claim within thirty 'days after it was filed. They commenced this action on the next day after the claim for a lien was filed, and on the next day after that an original notice was served upon Ballou and Hopkins, and some of the other claimants for liens. This original notice was in the usual form in such cases. It stated the amount claimed and described the property upon which the lien was sought, but made no reference to the filing of the claim for a lien. Crane filed his petition on May 3, 1894. He gave no written notice of the filing of his lien. It is required by section 6 of chapter 100, Acts of the Sixteenth General Assembly, that every subcontractor who desires to avail himself of the provisions of the statute "shall file with the clerk of the district court * * * a just and true statement or account of the demand due him, and that * * * such verified statement or account must 'be filed by * * * a subcontractor within thirty days from the date on which the last item of the material shall have been furnished or the last of the labor was performed." Section 7 of the act provides as follows: "To preserve his lien against the owner and to prevent payments by the latter to the principal contractor or to intermediate subcontractors, but for no other purpose, the subcontractor must within thirty days as provided in section six serve upon the owner, his agent or trustee, a written notice of the filing of such

claim. * * *" In *Lonsbury v. Railroad Co.*, 49
Iowa, 255, it was held that the failure to serve written
notice on the owner that a lien had been filed
defeats the lien of a subcontractor. And that rule
was followed in the late case of *Walker v. Queal*, 91
Iowa, 704 (58 N. W. Rep. 1083). In *Lonsbury's Case*
it was said that: "As this is a statutory lien, it
matters not what notice or knowledge the owner may
have, if the required notice is not given, at least in
substance. No such thing as constructive notice is
known to, or recognized by, the statute." In that
case, as in this, an action was commenced in which an
original notice was served, but, as that did not state
that a lien was filed, it was held that it could not be
regarded as a written notice of the filing of the lien.
See, also, *Steele v. McBurney*, 96 Iowa, 449 (65 N. W.
Rep. 332). This seems to be conclusive against the
establishment of the liens of Merritt & Allen, and
the lien claimed by Crane, especially as against the
claims of the other subcontractors who complied with
the law by giving notice of the filing of their liens. It
is to be remembered that these parties are all sub-
contractors, and the rule adopted in the cited cases is
not in conflict with *Bissel v. Lewis*, 56 Iowa, 240 (9
N. W. Rep. 177). In that case the lien claimed was
that of a principal contractor. But it is claimed in
behalf of appellees Merritt & Allen and Crane, that
the question of failure to give written notice of the
filing of the lien was not presented in the court below,
and that it is introduced for the first time in this
court. It is true that there was no averment in the
petition that written notice was given. But after all
the petitions were filed the owner filed an answer and
cross bill against all the claimants, in which the fail-
ure to give notice is charged in substance, if not in
express terms. It perhaps ought to be stated that, in
the petition filed by Crane, it was stated that notice

of the filing of the claim for a lien was served on the owner, but there was no evidence showing that service was had. And, as between the subcontractors, the issue of want of notice on the owner was expressly made.

III. Having found that Merritt & Allen and Crane have no right to a lien, we now come to consider the rights of the other subcontractors. Some question is made to the effect that Kline's claim was shown by the evidence not to be a continuous account, but that it was founded on two separate contracts. It is true that he worked on the building at one time, and ceased to work, and then commenced again. There was no such distinct and separate employment as to defeat his right to file the whole of his claim, and assert it as a lien.

IV. Under the written contract between Ballou and Hopkins, payment was to be made at the end of each month, but ten per cent was to be retained by Ballou, and was not due and payable until the whole work was completed. This would have amounted to four hundred and ten dollars. If that amount was subject to mechanics' lien, it is more than sufficient to pay the several judgments rendered by the district court in favor of the subcontractors who gave notice of the filing of their liens. It is therefore unnecessary to determine the question of priority between them. Indeed, we do not understand that they claim that the district court erred in fixing their rights, as between them.

V. It is urged in behalf of appellant that Ballou assumed the payment of other subcontractors' claims after December twelfth, and that the obligation to

them would materially reduce the amount which the parties to this action have a right to assert as liens. These assumptions of payment appear to be in the way of indorsing the principal contractors' promissory notes. It does not appear that it was in pursuance of any claims for liens, and they ought not to be allowed to prevail over the liens of the parties to the action.

VI. It is strongly urged in behalf of appellant that there was no evidence from which it should be held that appellant was charged with notice that the labor and materials furnished might be made the subject of liens. It is sufficient to say, without setting out the testimony of the witnesses, that the owner had every opportunity of knowing, and did know, that these parties might assert their liens within the proper time. The proven facts bring the case within the rule adopted by this court in *Lumber Co. v. Murphy,* 64 Iowa, 165 (19 N. W. Rep. 898); *Winter v. Hudson,* 54 Iowa, 336 (6 N. W. Rep. 541); *Gilchrist v. Anderson,* 59 Iowa, 274 (13 N. W. Rep. 290); *Lumber Co. v. Woodside,* 71 Iowa, 359 (32 N. W. Rep. 381), and other cases determined by this court. It is to be remembered that this case does not come within that class of cases in which it was held that the owner may pay the contractor according to the strict terms of his contract. In this case the owner should have held the ten per cent. reserved at the end of each month. As to the liens of Merritt & Allen and Crane, the decree of the district court is *reversed.* As to the other liens it is *affirmed.*