CARNEY BROS. *et al.* v. COOK *et al.*

Mechanic's Lien: IMPLIED CONTRACT: SUFFICIENCY: EVIDENCE: IMMATERIAL MATTERS. C. entered into contract with M. to repair the latter's house, and he contracted for the materials with plaintiffs. After a part of them were delivered, plaintiffs informed M. of the fact, and asked him who would pay for them, to which he replied that he would pay for them, and intended to do so, and that he would pay for whatever materials were delivered at the building. Afterwards the rest of the materials was delivered. *Held*—

 (1) That there was an implied contract of purchase by M. and an agreement to pay for the materials, not as surety, but as principal.

 (2) That such implied contract was a sufficient basis for a mechanic's lien, under section 3, chapter 100, Laws of 1876. (See citations in opinion.)

 (3) That it was immaterial that the contract was made after a part of the materials was furnished.

 (4) That, since M.'s agreement was directly to plaintiffs, it was immaterial whether or not he had paid C. all that he had agreed to pay him under the contract, and that it was also immaterial whether the claim for the lien was filed in time for plaintiffs to enforce their claim as subcontractors.

*Appeal from Polk District Court.*—HON. JOSIAH GIVEN, Judge.

FILED, JUNE 5, 1890.

ACTION in chancery to enforce a mechanic's lien; judgment was entered against the defendant, but no mechanic's lien was recognized or enforced. Defendant Munger and plaintiffs both appeal; defendant first.

*J. M. McCaughan*, for appellant.

*Reed & Reed*, for appellees.

BECK, J.—I. The defendant Munger employed defendant Cook to make repairs, or alterations, of a house owned by the first named. The material, lumber,

lime, etc., was contracted for by Cook upon the representation that it was to be used in the work on Munger's house, and would be paid for out of the money received for the "job." After a part of the material had been furnished, one of the plaintiffs called upon Munger, informed him of the fact, and asked him who would pay for the material. He replied he would pay for it, and intended to do so, and he would pay for whatever material was delivered at the building. Substantially, the same statement and promise were repeated by Munger to another of the plaintiffs. The material was delivered, and plaintiffs filed, in the proper clerk's office, a statement, with their account for the material, required to give notice of their lien.

The defendants, Cook and Munger, are both charged in the account as debtors, and the statement shows that both were parties to the contract for the material. The evidence, we think, establishes these facts. Indeed, we think there is no controversy as to any of them, except as to the conversation and arrangements had between plaintiffs and Munger, under which plaintiffs claim that he agreed to pay for the material. The correctness of the account as to the quantity of material, the price and value thereof, is not disputed. But Munger alleges that some of the material delivered at his house was taken away by Cook, or not used in the work. The only controversy upon the facts of the case arise as to those upon which are based the claim of the existence of a contract for the material entered into by Munger, and the claim made by Munger, that a part of the material delivered at the house was taken away by Cook. Upon both of these questions of fact there is a conflict of evidence. We think the preponderance of both is with plaintiffs. We are not accustomed to array and discuss the evidence in order to support our conclusions upon questions of fact of the character of those involved in this case. Our conclusions are that Munger did promise and agree with plaintiffs, after a part of the material had been delivered, that he would pay for

whatever was required to do the work, and that the material charged in plaintiffs' account was delivered and used upon the work, and no part removed by Cook. Some lumber was used for scaffolds. We find that Cook did not take or remove it. There is evidence tending to show that Munger used it.

II. It is claimed that Munger contracted with plaintiffs at the first for the material. After a part had been delivered he declared he intended to pay for it, and would do so, and that all of it was used in his building. Here surely arises an implied contract binding Munger to pay for all of the material. He is not bound as a surety, but as a principal. And he is bound as a purchaser of the material, for he is chargeable as such. Clearly there is shown an implied contract for the purchase of the material. He is properly chargeable thereunder with Cook for the material.

III. Acts Sixteenth General Assembly, chapter 100, section 3, provide that labor or materials must be purchased under a contract, to authorize a lien therefor. See Code, sec. 2130 ; McClain, Code, sec. 3311. But it is not necessary to establish an express contract to support a lien ; that will be done by the implied contract. *Neilson v. Railway Co.*, 51 Iowa, 184, 714 ; *Johns v. Swan*, 21 Iowa, 181 ; *Cotes v. Shorey*, 8 Iowa, 416.

The facts we have found, as above stated, surely raise a contract binding Munger as purchaser of the material. But the statute, it will be observed, does not prescribe that to support the lien the contract must be made before the material is furnished. Let it be supposed that material is furnished without the knowledge of the owner, but he afterwards promises to pay therefor ; surely the materialman in that case will not be defeated of his lien ; but the promise will have relation to the act of furnishing the material, and will bind the owner as though it were done then. This case is not different from that. An implied contract arises when the act upon which it is based is done. As when property is taken, or received, a contract to pay the owner

thereof arises at that very instant, binding upon the party taking, or receiving, the property. In the case before us, Munger intended to pay for the property, and appropriated it for his own use. The law will imply a contract binding him to pay for it.

IV. We need not inquire whether Munger paid Cook to the extent of the sum he agreed to pay him, and is, therefore, discharged as to the claim of the subcontractors, the plaintiffs. Munger, as we have seen, is bound by a contract to pay plaintiffs without regard to their rights as subcontractors. Nor need we inquire whether the claim for the lien was filed in time to enforce the claim of plaintiff as a subcontrator, for two reasons: *First.* Munger's promise to pay plaintiffs was directly to him. They were not, therefore, subcontractors, but they contracted directly with Munger; they were then the contractors. *Second.* But, even if plaintiffs should be regarded as subcontractors, it is not shown that Munger paid the contractor Cook after the time prescribed in the statute for filing the claim for a lien. Nor is it shown that there are any purchasers, or good-faith incumbrancers in the case, who will be prejudiced by enforcing the lien.

We reach the conclusion that the plaintiffs lien ought to be enforced for the amount of his account.

The cause will be remanded to the court below for a decree in harmony with this opinion, or at plaintiffs' option such a decree may be entered here. On defendant's appeal ( except as to the amount of the judgment )

                             AFFIRMED.

On plaintiffs' appeal REVERSED.