THE MISSOURI RIVER LUMBER COMPANY, Appellant, v. THE FINANCE COMPANY OF IOWA.

**Mechanic's Lien:** SUBCONTRACTOR.   That the owner gives his note to a subcontractor for material furnished, does not, against good faith encumbrancers, make him a principal contractor and extend his time for filing statement beyond the statutory thirty days. *Carney v. Cook,* 80 Iowa, 747, *distinguished.*

ROBINSON, J., took no part.

*Appeal from Woodbury District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, JANUARY 30, 1895.

This is a suit in equity to establish a mechanic's lien.    There was a demurrer to the answer, which was overruled.    Plaintiff elected to stand on its demurrer, and there was a decree for the defendant.    Plaintiff appeals.—*Affirmed.*

*Wilson & Quick* for appellant.

*Wm. Milchrist* for appellee.

Rothrock, J.—One Hansen was the owner of a city lot.    He made a contract with one Totten, by which Totten undertook to furnish the material and erect a dwelling house on the lot.    The plaintiff sold the lumber for the building to Totten.    All of said lumber was delivered to said Totten between the fourteenth and twenty-eighth days of September, 1892.    On the eleventh day of November, 1892, Totten filed a mechanic's lien upon the premises for the full value of the lumber delivered by the plaintiff to him, as well as for the value of the labor performed in the construction of the building.    At about that time the defendant herein made a loan of money to Hansen for the purpose of paying off the lien filed by Totten, and the same was paid and satisfied, and Hansen made a mortgage on the property to the defendant to secure the loan.    Afterwards, and on the eighteenth day of the same month, the defendant made another loan to Hansen, and took another mortgage on the premises to secure the same.    These mortgages are unpaid, and they were taken by the defendant without any notice or knowledge of any lien or claim of plaintiff, and in the belief that they constituted the only liens or incumbrances on the property.    The plaintiff filed its mechanic's lien claim on the twenty-sixth day of

November, fifty-eight days after the last item of lumber was furnished to Totten. It will be observed that the plaintiff is what is known in the law as a "subcontractor," and was required to serve notice and file its claim within thirty days from the date on which the last of the material was furnished; and a failure to file the same within that time defeated the lien as against a good-faith incumbrancer without notice, whose rights accrued after thirty days. McClain's Code, 3321. But it is urged in behalf of appellant that this provision of the statute has no application to this case, because of the following facts, which are admitted in the pleadings: On the fourth day of October, 1892, some six days after the last item of lumber was furnished, Hansen, the owner of the lot, orally promised the appellant that he would pay the amount due the plaintiff, and two days thereafter Hansen executed to the plaintiff his promissory note for the claim. Appellant's counsel concede that, if at the time the mortgages were made appellant's relation to the property was that of a subcontractor, the lien of the mortgages are superior to that of plaintiff. But it is urged that the promises by Hansen and the notes executed by him for the plaintiff's claim made the plaintiff a principal contractor, and that the lien, having been filed within ninety days, is superior to the mortgages. Reliance is placed upon the case of *Carney v. Cook*, 80 Iowa, 747, 45 N. W. Rep. 919, to sustain this position. We think the cited case lends no support to appellant's contention. No extended analysis of that case is necessary to show the distinction, because it appears that it was a contest between the material man and the owner of the building, who made himself personally liable to pay the subcontractor by contract with him. No rights of good-faith incumbrancer were involved, as in the case at bar. If this were an action to enforce a

belated lien as against Hansen, the owner, the cases would be alike. The rights of Hansen are not before us for adjudication. When the defendant advanced its money, and the principal contractor was paid, the thirty days for filing claims of subcontractor had passed, and it seems to us it would be a most violent assault on the statute to hold that the defendant was bound to take notice of an agreement between Hansen and a subcontractor. The decree of the District Court is *affirmed.*

Robinson, J., took no part in this decision.