Thompson & Thompson v. W. H. Spencer, *et al.,* Appellants.

95  265|
96  454|
95  265
128  560
e128 731

**Mechanic's Lien:** SUBCONTRACTOR: CONSTRUCTION OF STATUTES. An
1  owner paid the principal contractor before expiration of the thirty days, in which the subcontractor should file notice, but such notice was not served until after the lapse of the thirty days. *Held,* the statute providing that a failure to file within thirty days "shall not defeat the lien" except as to purchasers without notice is limited by the other which declares that a subcontractor's lien filed after the thirty days, shall be enforced only to the extent of what is due the principal contractor when notice is served, and the payments so made before the expiration of the thirty day period are held good against the subcontractor.

*Appeal from Buchanan District Court.*—Hon. J. L. Husted, Judge.

Friday, May 31, 1895.

The other defendants are H. T. Lynch, C. M. Shillinglaw, and C. G. Trask. The material facts, conceded or established, are that the defendant Lynch, in November, 1892, made a written contract with his codefendant Spencer to build for him two houses, for which Lynch was to pay one thousand five hundred and twenty-five dollars; that Spencer subcontracted with plaintiff to furnish the lumber and materials for the buildings; that for lumber and materials so furnished there remains, as found by the court, an unpaid balance of four hundred and thirteen dollars and forty-nine cents; that the last item of plaintiff's bill was furnished April 13, 1893; that a statement for a mechanic's lien was filed, and notice thereof served on Lynch, May 16, 1893; that thereafter defendant Lynch filed a bond to release

the premises from the lien, with defendants Shilling-law and Trask as sureties; that no money was paid by Lynch to Spencer after April 14, 1893, the date when the last item of material was furnished. Defendant Lynch admits an indebtedness to Spencer, but only to the amount of ninety-two dollars and thirteen cents. Defendant Spencer makes default, and the district court gave judgment against him for four hundred and thirteen dollars and forty-nine cents. As to the other defendants, plaintiff asks that its lien be adjudged valid, and then asks for judgment against Lynch and the sureties on the bond for the amount of the judgment against Spencer which the district court awarded. Defendant Lynch and the sureties appealed.—*Modified and affirmed.*

*H. W. Holman* for appellants.

*E. E. Hasner* for appellees.

Granger, J.—A restatement of a few facts will bring better to mind the controverted question. The plaintiff, as subcontractor, filed their statement for a lien, and gave notice two days after the expiration of the thirty days prescribed in the statute. No payments had been made to Lynch by Spencer, or on his account, after the expiration of the thirty days. It is claimed as a fact that, because the payments were made while plaintiff was entitled to a lien, under the thirty days' limitation, no prejudice resulted from the delay. The precise question seems to be this: Where an owner pays to a principal contractor, before or during the period of thirty days during which the subcontractor could perfect his lien, and in which case, if the lien of the subcontractor was perfected, the principal would be liable to the subcontractor, is that liability continued if the lien is not perfected until after

the thirty days? Applicants contend that the lien created by a service after the thirty days is only as to the amount then due from the owner to the principal contractor. The language of the statute relied on is section 8, chapter 100, Acts Sixteenth General Assembly as follows: "A sub-contractor may at any time after the expiration of said thirty days, file his claim for a mechanic's lien, with the clerk of the district court, as hereinbefore provided, and give written notice thereof to the owner, his agent or trustee, as provided in section 7, and from and after the service of such notice his lien shall have the same force and effect, and be prosecuted or vacated by bond, as if filed within the thirty days; but shall be enforced against the property or upon the bond, if given by the owner only to the extent of the balance due from the owner to the contractor at the time of the service of such notice upon the owner, his agent or trustee." Other sections of the same act are important in this connection. Section 6 provides that any person, whether contractor or subcontractor, to avail himself of the provisions of the law as to such liens, must file his claim,—the contractor within ninety days and the subcontractor within thirty days. By the same section it is provided: "But a failure or omission to file the same within the periods last aforesaid shall not defeat the lien, except against purchasers or incumbrancers in good faith without notice, whose rights accrued after the thirty or ninety days, as the case may be, and before any claim for the lien was filed." The following is from section 7 of the act: "To preserve his lien as against the owner and to prevent payments by the latter to the principal contractor or to immediate sub-contractors, but for no other purpose, the sub-contractor must, within the thirty days as provided in section six serve upon such owner, his agent or trustee, a written notice of the filing of said claim. * * * But if no claim for a lien

is filed within the periods hereinbefore provided and the notice thereof is not served, or if such thing being done and the bond as above provided is filed, then the owner or contractor may thereafter proceed, make payments and adjust claims, without regard to the lien of the sub-contractor." We may further eliminate from the parts of the acts quoted some language inapplicable to the facts of this case, and in that way simplify the problem before us, for it is, at best, a doubtful one. There are no third persons, such as purchasers or incumbrancers in good faith, in this case, and hence from that part of section 6 with reference to "a failure or omission to file" within the thirty days may be omitted the words "except against purchasers or incumbrancers in good faith without notice, whose rights accrued after the thirty or ninety days, as the case may be, and before any claim for the lien was filed," and the effect of the section is then to give to a subcontractor a lien if his statement therefor is filed within thirty days from the date of the last item furnished; but "a failure or omission to file the same within the period aforesaid shall not defeat the lien." As thus worded, the effect of the thirty days' limitation as to filing the statement would not apply as between Lynch and the plaintiff, and the lien would be effective whenever filed, and, but for section 8, there would be no difficulty; but that section specially treats of the filing of statements for liens after the thirty days, and of the effect of such filing, and it is the only provision of the law that does so treat. The section in express terms limits the effect of a lien so created to the "balance due from the owner to the contractor at the time of the service of such notice on the owner, his agent or trustee." The act expressly provides for two times of filing and service, and the effect of each as to the lien created. Section 3 of the act gives a lien for the materials furnished. Section 6

prescribes how such a lien shall be effected. Section 8 provides how a lien may be effected after the thirty days for a balance due from the owner to the contractor at the time of the service of the notice. Appellee's construction makes two filings of like effect, provided the owner has not changed his situation as to payments after the thirty days and before the filing. In view of the law as to payments without prejudice after the expiration of the thirty days, when no lien was filed, we have no doubt that the provision of section 8 limiting the operation of the lien as to amount was to guard against prejudice because of such payments. The statute is one creating a right, and not abridging a former one, and the beneficiary under it takes what is granted, and no more. But for section 8, section 6 would give just what appellee contends for in a case where there are no innocent third parties, as in this case. Section 8 provides for the filing where there is the "failure or omission to file" under the provisions of section 6, and hence the two provisions are closely allied. It seems to us that, to sustain appellee's position, we must ingraft on the law a condition neither expressed in it nor there by reasonable implication. If we omit from the law the provisions as to a lien after the expiration of thirty days, no lien other than within the thirty days could be effected. Looking to its provisions for effecting such a lien, we find the limitation as to amount which we think must prevail. See, as bearing on the question, *Walker v. Queal*, 91 Iowa, 704 [18 N. W. Rep. 1083].

Appellee places reliance upon *Lumber Co. v. Woodside*, 71 Iowa, 359 [32 N. W. Rep. 381], and *Carney v. Cook*, 80 Iowa, 747 [15 N. W. Rep. 519], but they do not seem to be in point. In the first-cited case, the question is as to facts that will relieve from the operation of the lien where it has properly attached

by observing the law as to filing and notice. The latter case is made to turn on an express undertaking of the owner to pay the material furnisher for the lumber, regardless of his rights as sub-contractor. Some facts are then hypothetically stated, and because of a legal inference drawn from a statement of facts not appearing, the case is thought to be decisive of the one at bar. As we view it, nothing is there decided bearing on the question before us. The statute is not referred to, nor is any proposition of law determined. As we construe the answer, it is an admission of ninety-two dollars and thirteen cents due plaintiff on the original contract, and a further sum of twenty-eight dollars and forty-six cents for lumber furnished on another contract, to build woodhouses and sidewalks. This last item is included in plaintiff's claim for a lien by virtue of a second statement filed, but it appears that no notice of such a statement was ever served. There are statements in the answer to the effect that the items of ninety-two dollars and thirteen cents and twenty-eight dollars and forty-six cents are in court for the use of plaintiff, but the fact does not otherwise appear from the abstract. The judgment on the bond must be for the amount for which a lien could have been established had it not been vacated and discharged by the filing of the bond. The conclusion is that there should be a judgment on the bond for one hundred and twenty dollars and fifty-nine cents. The costs in the case, after the filing of the answer, should be paid by plaintiff except for entering judgment.—*Modified and affirmed.*