Lindsay & Phelps Company v. Bruno Zoeckler and Ludovica Zoeckler, Appellants, and J. A. Warner, et al., Defendants.

**Mechanics' liens:** PRIORITY BETWEEN SUBCONTRACTORS. Under the mechanics' lien statutes, the filing of a statement by a subcontractor, though after the expiration of thirty days from the last item, and service of notice thereof create a lien superior to that of another subcontractor who files his statement subsequently but within the thirty days.

**Same.** Where a principal contractor's order on the owner in favor of a subcontractor was not actually accepted or paid, the owner cannot treat the order as an assignment of that portion of the contract price, in determining the amount due on the contract at the time another subcontractor filed his state-

ment and gave the notice, although the same was filed and notice given after the expiration of the statutory period.

*Appeal from Scott District Court.*— HON. JAMES W. BOLLINGER, Judge.

WEDNESDAY, OCTOBER 18, 1905.

SUIT in equity to foreclose a mechanic's lien. The defendant Bruno Zoeckler entered into a written contract with one F. C. Nhare, by the terms of which Nhare agreed to erect a dwelling house for him for the sum of $1,850, $1,200 of which was to be paid as the building progressed, and the balance, $650, when the building was completed. The intermediate payments were made as agreed, but the building was never completed. The plaintiffs are subcontractors whose claim was not filed until after the expiration of the thirty days provided therefor by section 3092 of the Code, and the defendant J. A. Warner is also a subcontractor whose claim was filed within the statutory time, but after the plaintiff's claim was filed and notice thereof was duly served. In addition to the $1,200 paid to Nhare under the terms of the contract, the defendant Zoeckler had paid $198 to another subcontractor on an order therefor given by Nhare, and this payment was made before either claim under consideration was filed. The trial court found that Zoeckler was entitled to credits, besides the sums so paid, amounting to $87, making the total amount paid on his contract $1,485, and leaving a balance in his hands of $365, for which sum he established the plaintiff's lien prior to the lien of J. A. Warner. The court further decreed that the payment of $198 on the order mentioned was not in accordance with the terms of the contract, and established the claim of Warner for that amount. The defendants Zoeckler appeal.— *Affirmed.*

*Ruymann & Ruymann,* for appellants.

*Steve P. Bawden* and *Alfred C. Mueller,* for appellees, the plaintiffs, and J. A. Warner, defendant and cross petitioner.

SHERWIN, C. J.— We think the judgment is right, and it certainly is if it be true that the plaintiff's lien is entitled to priority to the lien of the defendant J. A. Warner.

1. MECHANICS' LIENS: priority between subcontractors.
Section 3092 of the Code provides that a failure to file the statement within the time specified therein shall not defeat the lien, except against purchasers or incumbrancers in good faith, without notice, whose right accrued after the time specified and before any claim for the lien was filed. Section 3094 permits a subcontractor to file his claim for a lien after the expiration of thirty days, and further provides that it shall have the same force and effect as if filed within the thirty days, " but shall be enforced . . . only to the extent of the balance due from the owner to the contractor " at the time of the service of the notice upon him. The appellants do not claim that Warner is a purchaser, or that he holds an incumbrance, within the meaning of section 3092. Hence, as to him, it is clear that the delay in filing the plaintiff's statement cannot affect their right to priority under said section; and section 3095 expressly provides that " as between persons claiming mechanics' liens upon the same property " they shall take priority " according to the order of the filing of the statements and accounts therefor." *Robertson v. Barrack,* 80 Iowa, 538. It is manifest, therefore, that as between the plaintiffs and Warner the plaintiffs are entitled to priority, because their statement was filed and notice thereof given before Warner's was filed. This being true, the plaintiffs are entitled to the fund remaining unpaid on the contract, because the statute expressly so provides; and this without reference to the claim of the defendant Warner, who is an inferior lien holder. *Hug v. Hintrager,* 80 Iowa, 359; *Thompson & Thompson v. Spencer,* 95 Iowa, 265.

Nhare gave Warner an order on Zoeckler for the amount of his bill; and, as we understand the appellants' argument, they contend that it operated as an equitable assignment of so much of Nhare's claim, and that

**2. SAME.**

it should be treated as a payment in determining the amount of money in the hands of Zoeckler when the plaintiff's statement was filed, and that the case should then be controlled by section 3093 of the Code, which provides that, " to preserve his lien against the owner, and to prevent payments by the latter to the principal contractor, or to intermediate subcontractors, but for no other purpose, the subcontractor must, after commencing such labor or furnishing such material, and within thirty days after the completion thereof, serve upon such owner, or his agent or trustee, a written notice of the filing of such claim." This contention is not good, however, for the reason that the order was never accepted or paid by Zoeckler. In fact, it was expressly repudiated by him, and he cannot now avail himself of its force as a payment. Moreover, Warner claims nothing on account thereof, but relies on his rights under the statute. It may be that, if there had been an acceptance of the order and an agreement to pay the same, a court of equity would treat it as a payment which should be protected under section 3093; but the evidence does not sustain any claim of the kind.

No question is raised as to the decree in favor of Warner. The judgment is affirmed.

*Affirmed.*