EMPIRE PORTLAND CEMENT COMPANY, Appellant, v. PAYNE, BRADSHAW, McMAHON & COMPANY, and IOWA CENTRAL RAILWAY COMPANY.

**Mechanics' liens:** SUB-CONTRACTOR: FAILURE TO FILE STATEMENT: RECOVERY OF OWNER. A sub-contractor who fails to file his claim for a lien until after the expiraiton of thirty days is only entitled to recover the balance due the principal contractor, even though the owner made payments to the principal contractor with knowledge of his indebtedness to the sub-contractor.

*Appeal from Monroe District Court.*— HON. C. W. VERMILLION, Judge.

WEDNESDAY, NOVEMBER 15, 1905.

SUIT in equity to foreclose a mechanic's lien.  There
was a trial, and a judgment for the railway company.  The
plaintiff appeals.— *Affirmed.*

*Berryhill & Henry,* for appellant.

*Geo. W. Seevers* and *T. B. Perry,* for appellee.

SHERWIN, C. J.— The Iowa Central Railway Company
contracted with Payne, Bradshaw, McMahon & Co. for the
construction of a bridge on its line of road, and the plaintiff
furnished said contractors cement used in building the bridge,
for which there is a balance due of $4,055.59.   The last item
of material was furnished on the 25th day of April, 1900,
and the plaintiff's lien statement was filed and notice thereof
was served in May, 1902, some time after the principal con-
tractors had been paid in full.   In March, 1900, the railway
company made a payment of $2,500 to the contractors, and
in April of the same year it paid to their laborers who had
not filed liens a sum in excess of $2,000.   The appellant con-
tends that these two payments should not have been made be-
cause the railway company then knew that it had furnished
material for the bridge, for which it had not been paid, and,
such being the case, that the railway company is liable to it
for the aggregate amount of the two payments.   The precise
point was decided adversely to the appellant's contention in
*Thompson & Thompson v. Spencer,* 95 Iowa, 265, where the
subcontractor failed to file his lien within the statutory period,
and where the owner had made payments which would not
relieve him from liability to the subcontractor, if the latter had
filed his statement within the time provided by the statute.
The various provisions of the statute were there discussed
and harmonized as far as is possible, and we need not again

go over the same ground.	The conclusion was that a subcontractor who fails to file his claim for a lien until after the expiration of thirty days is entitled only to the amount unpaid on the contract at that time.	See, also, *Walker v. Queal,* 91 Iowa, 704.

The lien is statutory, and whatever rights a subcontractor has, who has not complied with the provisions of sections 3092 and 3093, must be found in the provisions of section 3094 (Iowa Code) ; and, as it is therein expressly provided that the lien created thereby shall be enforced only to the extent of the balance due from the owner to the contractor, it is manifest that the owner's knowledge that a subcontractor has furnished material for which he has not been paid can create no liability, even if there might have been liability if the subcontractor's claim had been filed within the limit of time fixed by the statute.	See, also, *Lindsay & Phelps Company v. Bruno Zoeckler et al,* 128 Iowa, 558.	The cases relied upon by the appellant do not decide the question involved here, and are therefore not controlling.

The judgment below is right, and it is *affirmed.*