W. C. SMYSER *et ux.* v. D. J. FAIR.

No. 14,506.   (85 Pac. 408.)

1. CONTRACTS—*Construction.*  The rule that the law will not imply a relation between parties contrary to their agreement applied.

2. NOTICE—*Waiver.*  It was said a party cannot be heard to say that a notice which he expressly waived was not given.

3. PRACTICE, DISTRICT COURT—*General Verdict.*  In this case, if a general verdict was desired it should have been asked for before the jury were discharged.

Error from Reno district court; WILLIAM H. LEWIS, judge.  Opinion filed March 10, 1906.  Affirmed.

*George A. Vandeveer,* and *Frank L. Martin,* for plaintiffs in error.

*Prigg & Williams,* for defendant in error.

*Per Curiam:*  In addition to the advisory findings of the jury the court made findings of its own, which bring to the support of the judgment all the facts and all the inferences of fact derivable from the evidence most favorable to the plaintiff, even although opposed by strong evidence to the contrary.

The findings of the jury themselves entirely preclude the notion that the attempted return of the windows can be tacked to the tender of the $250 so as to make a legal tender of payment of the balance due the plaintiff.  The transaction amounted to no more than a belated attempt to return damaged property to a vendor on the ground that it did not comply with the contract of sale.

The record contains ample evidence to support Fair's position that he was under no legal duty to receive and give credit for the windows when Smith brought them back, and Smyser is clearly chargeable with them if he is the principal debtor.

The evidence and findings are that Smyser was not

a surety at all, but that he agreed to pay for the material for his house himself. The law will not imply a relation between parties contrary to their agreement covering the subject. (*Bank v. McIntosh*, 72 Kan. 603, 84 Pac. 535.) The case is quite like that of *Carney Bros. v. Cook*, 80 Iowa, 747, 45 N. W. 919, and bears no resemblance to *Fisher v. Stockebrand, Adm'r*, 26 Kan. 565.

Smyser cannot be heard to say that a notice was not given which he expressly waived, and if he desired a general verdict he should have asked for it before the jury to which he submitted his case were discharged.

The judgment of the district court is affirmed.