Birt Price et al., Appellees, v. F. W. Carl et al., Appellants.

MECHANICS' LIEN: Right of Lien—Filing After 30 Days—Extent of Right. A subcontractor's rights, as against the owner, on claims filed after 30 days, etc., are measured by the amount due from the owner to the principal contractor at the time the owner receives written notice of such filing; and this is true even though, after the expiration of said 30 days, the owner had learned of said subcontractor's claim, and even though, after said time, the owner, on the authorization of the principal contractor, had paid other subcontractors more than was legally chargeable to the owner's property.

*Appeal from Marshall District Court.*—B. F. Cummings, Judge.

Tuesday, February 20, 1917.

Suit to foreclose a mechanics' lien. Abbott & Son, in a petition of intervention, asked the foreclosure of a lien as subcontractors. On hearing, the petition was dismissed, and judgment was entered on the petition of intervention

against the plaintiff for the amount claimed, less $25.17 paid into court by defendants, and that intervener have such sum but be denied other relief. The intervener appeals.—*Affirmed.*

*C. H. E. Boardman*, for appellant.

*Bradford & Johnson*, for appellees.

MECHANICS' LIEN: right to lien: filing after 30 days: extent of right.

LADD, J.—Price contracted to furnish materials and construct a house for Carl. The agreed consideration was $2,333. The house was completed February 2, 1914. Prior thereto, Carl had paid the contractor $2,000. The latter claimed $279.52 for extras. This was cut down by arbitration to $193.17. The balance owed by Carl then was $526.17. The interveners, Abbott & Son, furnished material of the value of $105.17, which was used by Price in the building. The date of the last item was January 20, 1914. Abbott & Son filed a mechanics' lien March 16, 1914, and we have first to determine how much Carl then owed the contractor. On completion of the house, the latter had paid all subcontractors, other than interveners and the Buckwald Lumber Company. The balance owed this lumber company was $630, only $334 of which was for material used in the construction of Carl's house. But Carl was given to understand by the contractor, as well as the company, that the house might be subjected to a lien for the entire amount. He met Abbott, of Abbott & Son, and Buckwald, representing the Buckwald Lumber Company, on March 6, 1914, and undertook a settlement. Buckwald claimed that Price owed the lumber company $630, and proposed to release Carl and the premises of all liability upon the payment of $500, and look to Price alone for the remaining $130. On the following day, Carl accepted this proposition, and received release upon the payment of $250 and the execution of a promissory note of like amount to the lumber company. The intervener

says this was a voluntary payment. But Price had authorized it. Carl testified that, upon the completion of the house, Price told him and his wife of the claim of Abbott & Son, and that "there was a bill at Mr. Buckwald's, I think, a little over $600," and said, "You go and pay those bills; I won't." Mrs. Carl corroborated this by swearing that Price said: "These are the bills. Pay them and the house is yours." Price merely denied having told Carl "that he would have to pay the Abbott and Buckwald bills, as the house was good for them."

There is no escape from the conclusion that the payment was at the instance of Price, and that it reduced Carl's indebtedness to the contractor to $26.17. Under Section 3094 of the Code, the intervener is entitled to the enforcement of its lien for this amount only. Sections 3092 and 3093 of the Code provide for filing and serving written notice of the filing of mechanics' liens, and the time within which this may be done. On failure so to do, Section 3094 provides:

"A subcontractor may, at any time after the expiration of said 30 days, file his claim for a lien with the clerk of the district court, and give written notice thereof to the owner, or his agent or trustee, as above provided, and from and after the service of such notice his lien shall have the same force and effect, and be prosecuted or vacated by bond, as if filed within the 30 days, but shall be enforced against the property or upon the bond, if given by the owner, only to the extent of the balance due from the owner to the contractor at the time of the service of such notice upon him, his agent or trustee;    *    *    *"

As intervener's claim for a mechanics' lien was filed more than 30 days after the last item furnished, this section controls, and the lien may not be established for more than was owing Price by Carl at the time of filing, i. e., March 16, 1914. Counsel for intervener contend, however,

500 Smith v. Blairsburg Ind. School Dist. [179 Iowa

that, as Carl knew of the indebtedness to Abbott & Son long prior to the payment to the Buckwald Lumber Company, he was bound to retain enough to satisfy such indebtedness. The statute quoted contains no such condition. On the contrary, it unconditionally limits the enforcement of a lien filed subsequent to the time fixed in Sections 3092 and 3093 "to the extent of the balance due from the owner to the contractor at the time of the service of such notice upon him." *Empire Portland Cement Co. v. Payne*, 128 Iowa 730; *Thompson v. Spencer*, 95 Iowa 265.

Had the lien been filed within 30 days of the time the last item of account was furnished, the decisions with reference to knowledge of outstanding claims relied on by appellant would be in point, but as they were filed thereafter, the inquiry concerning the owner's knowledge of other claims is immaterial. That Carl subsequently discovered that only $334 of the lumber company's account was for material used in his house can make no difference. If none of its account had been so used, the result must have been the same; for in any event the obligation of Carl, the owner, to Price, the contractor, was reduced by the amount paid at the instance of Price to the Buckwald Lumber Company, and it can make no difference that part of such payment was by note to the lumber company. The trial court rightly limited the enforcement of the lien to $26.17 owed by the owner to the contractor when notice of the filing of the lien was served. The plea of estoppel was not sustained by the evidence.—*Affirmed.*

Gaynor, C. J., Evans and Salinger, JJ., concur.