EDWARD EDINGER COMPANY, Appellant, v. HILDRETH MEMORIAL UNITED EVANGELICAL CHURCH OF LE MARS et al., Appellees.

**MECHANICS' LIENS: Contractor (?) or Agent (?)** Record reviewed, 1 and held to show that the person with whom the materialman contracted was a "contractor" for the owner, and not the "agent" of the owner.

**MECHANICS' LIENS: Enforcement—Materialman As Both Contractor** 2 and Subcontractor. A materialman who furnishes certain materials under a contract with the owner's contractor must enforce his claim and lien *as a subcontractor.* If he also furnishes other materials, under a contract directly with the owner, he must enforce his claim and lien *as a contractor.*

Headnote 1: 27 Cyc. p. 417. Headnote 2: 27 Cyc. p. 144.

*Appeal from Plymouth District Court.*—C. C. BRADLEY, Judge.

JANUARY 13, 1925.

REHEARING DENIED APRIL 8, 1925.

---

ACTION in equity, to establish and foreclose a mechanics' lien against the building of the defendant Evangelical Church, for a balance of $2,534.65 alleged to be due the plaintiff for cut stone furnished for use in the building to the defendant L. W. Brown, under a written contract between plaintiff and Brown. The petition also prays for personal judgment against the defendant church for said amount. The defendant, in answer, denies generally the material allegations of plaintiff's petition, and pleads certain affirmative defenses, and further alleges that plaintiff's claim for a lien was not filed within the statutory

time to save and preserve said lien, and that, on the date said claim for lien was filed, no sum whatever was due from the defendant to the contractor L. W. Brown. Defendant also in answer pleads counterclaims aggregating $2,505.43, for damages and overpayment. The trial court entered a decree dismissing plaintiff's cause of action against the defendant church, and entered judgment against the plaintiff in accordance with the stipulation of the parties on a conceded item of defendant's counterclaim in the sum of $170.26, and dismissed all other items of counterclaim. The opinion states the essential facts. The plaintiff appeals.—*Affirmed.*

*M. D. Porter, T. M. Zink,* and *Urbane L. Barrett,* for appellant.

*Herbert S. Martin,* for appellee.

DE GRAFF, J.—We deem it unnecessary to follow in detail the vicissitudes of this case before its final submission in the trial court. The facts are not in serious dispute. The primary disagreement between plaintiff-appellant and the defendant church is based on the interpretation given the record facts.

1. MECHANICS'
   LIENS: contractor (?) or
   agent (?)

It is disclosed that the defendant Evangelical Church, as the "owner" of certain premises, entered into a written contract on March 31, 1920, with the defendant L. W. Brown, as "contractor," for the erection of a church building for the defendant church in accordance with plans and specifications prepared by L. W. Brown. This contract provided for compensation to be paid Brown on the basis of 10 per cent of cost of labor and material, provided the same did not exceed $47,000. It is further provided:

"The party of the first part [church] agrees to pay all labor bills each Saturday and all material bills on or about the first of the month."

Pursuant to this contract, Brown began the construction of the church building. On May 1, 1920, the plaintiff, as materialman, entered into a written contract with L. W. Brown to furnish cut stone for the exterior of the defendant church, "as shown by the original specifications and drawings prepared by

L. W. Brown and shop drawings prepared by the company [plaintiff]," for $9,400, to be paid as follows:

"90 per cent of the value of all stone as shipped by the company to be paid on or before the 10th of the month following the date of invoice, the balance within thirty days of date of the last carload invoice. If purchaser pays within fifteen days of date of invoice, bill is subject to a 5 per cent discount after deducting freight."

The first pivotal question is: Did Brown intend to enter into the contract with plaintiff pursuant to his contract with defendant church, and did the latter constitute Brown its agent? If an agency exists, it must arise by implication. It is clear from the record that Brown's contracts of employment and purchase were not subject to the approval of the building committee of the defendant church. Brown executed the contract with plaintiff in his own name, and plaintiff knew at that time that he was dealing with Brown as a contractor, and cannot now claim that he executed the contract in reliance upon any supposed agency. The contract between the owner and Brown did not appoint the latter as the duly authorized agent for the employment of labor and the purchase of all material necessary for the construction of the church, nor did it authorize the contractor to purchase the materials for the owner's account. The owner was under no obligation to check the material as to quality, quantity, or price, nor did it do so. No statement of prices of materials, either before or after purchase, was agreed to be submitted to the owner for approval. Clearly, it was the duty of Brown to apply the payments made by the church upon his purchasing contracts; but this duty is not predicated on agency. Our prior decisions which recognize a direct liability are essentially different from the facts in the case at bar. See *Carney Bros. v. Cook,* 80 Iowa 747; *Shorthill Co. v. Bartlett,* 131 Iowa 259; *Love Bros. v. Mardis,* 189 Iowa 350.

At the threshold of this case, therefore, one question must be answered: Do the pleadings of the plaintiff tender any issue of the plaintiff's right to recover, except as a subcontractor? Plaintiff alleges that it furnished all the stone called for by its contract with L. W. Brown, and extra stone in the amount of $480. There is no allegation claiming a right to recover from

the defendant church upon a direct liability, or upon any theory of agency between Brown and the church. If it were conceded that the issue was tendered, we have no hesitation in holding that the evidence falls far short in support thereof.

Three parties within the purview of the mechanics' lien statute are involved in this action, to wit: the owner, the principal contractor, and a subcontractor. Plaintiff must be viewed as a subcontractor. See *Blanding v. Davenport, I. & D. R. Co.*, 88 Iowa 225.

A subcontractor is defined by statute to include every person furnishing material or performing labor upon any building, erection, or other improvement, except those having contracts therefor directly with the owner, his agent, or trustee. Section 10270, Code of 1924. The lien itself is purely statutory, and in order to preserve it, there must be a compliance with the statute. A failure to file within the time limit defeats the lien of a subcontractor, except as to the sum which may be due from the owner when the lien was actually filed and notice given. Section 10280, Code of 1924. When plaintiff filed his lien, nothing was due from the defendant church to the principal contractor. See *Thompson v. Spencer*, 95 Iowa 265; *Empire Portland Cem. Co. v. Payne*, 128 Iowa 730; *Price v. Carl*, 179 Iowa 497; *Cedar Rapids S. & D. Co. v. Heinbaugh*, 183 Iowa 1236.

The record shows that the invoice for the last stone shipped under plaintiff's contract with Brown was not filed within the statutory limit; and unless it may be said that the owner adopted and assumed to carry on Brown's contract in the furnishing of further stone, there can be no recovery, as pleaded by the plaintiff. Plaintiff shipped three carloads of stone under its contract with Brown, who failed to make payments to the satisfaction of plaintiff. This provoked the controversy which culminated in this litigation. When it was discovered by the church that the stone was not being shipped, inquiry was made as to the cause of the failure, and the true situation was then learned by the church. It is shown without dispute that the church had strictly performed its obligations under its contract with Brown.

On October 18, 1920, a telephone conversation took place between the chairman of the building committee and Mr. Edinger, representing the plaintiff; and it is the contention of the

2. Mechanics'
Liens: enforcement: materialman as both contractor and subcontractor.
church that a new contract was entered into between plaintiff and the church for the balance of the stone to complete the building. With this view we agree. Under this agreement, all stone shipped thereafter was invoiced to the church, and the church became, by the terms of the agreement, personally liable. Prior to this time, there was no personal liability on the part of the church, and its only liability was statutory, as defined by the mechanics' lien law. The church was not a party to the contract between Brown and Edinger; and as a matter of fact, plaintiff repudiated that contract, and positively refused to ship Brown any further stone, unless further payment was made or ample security given. After October 18th, plaintiff made these shipments to the church, not in reliance upon the Brown contract, but in reliance upon its contract with the church, which constituted a new and different promise. Prior to October 18th, Edinger was a subcontractor. On that date, by virtue of his contract with the owner, he became a principal contractor. Plaintiff has been fully paid for all shipments of stone subsequent to October 18th, and whatever is due him must be for stone shipped prior to that time, and while his status was that of a subcontractor. His claim and statement for lien was not filed until May 16, 1921, and was too late, under the statute. The two contracts of plaintiff cannot be tacked together so as to enlarge the time for filing a lien for what was due or furnished under the latter. *Chase v. Garver Coal Co.*, 90 Iowa 25; *Sheldon v. Chicago Bond. & Sur. Co.*, 190 Iowa 945; *Hoag & Griffith v. Hay*, 103 Iowa 291.

We deem it unnecessary to pass upon other propositions relied upon as grounds for an affirmance. The judgment and decree entered by the district court is—*Affirmed.*

Faville, C. J., and Stevens and Vermilion, JJ., concur.