FRIEDRICH P. DIECKE et ux., appellants, v. LUMBER SUPPLY, INC., et al., defendants, and EARL YODER CONSTRUCTION Co. et al., appellees; JOHNSON COUNTY READY MIX, intervenor.

No. 52418.

(Reported in 149 N.W.2d 822)

A<small>PRIL</small> 4, 1967.

Ries & Osmundson, of Iowa City, for appellants.

Nolan, Lucas & Nolan, of Iowa City, for appellee Earl Yoder Construction Co.

Neiman, Neiman & Stone, of Des Moines, for appellee Frank Paxton Lumber Co.

Robert E. Ford, of Cedar Rapids, for appellees E. A. Hasley and Leone Hasley, d/b/a Modern Appliance.

Jerry L. Lovelace, of Iowa City, for appellee Mel Roth.

MASON, J.—This is an appeal in an action for declaratory judgment brought by the owners against the contractor and various mechanic's lienholders to establish the owners' liability under the building contract and the validity and priority of mechanic's liens filed against the owners' real estate.

Friedrich P. Diecke and his wife Elizabeth, owners of a lot in Iowa City, contracted with defendant New Homes Realty, Inc. for construction of a home on it for the sum of $25,200. Before commencement of construction plaintiffs obtained a construction loan of $18,900 from Iowa State Bank & Trust Company, Iowa City, and gave a mortgage as security. Payments totaling $19,154.59 were made to the contractor during the course of construction. The cost of unfinished items was $532.52. The balance due on the contract from plaintiffs was $5512.89.

November 13, 1964, plaintiffs secured a permanent loan from General Mortgage Corporation of Iowa of $23,700 and gave a mortgage to secure it. Plaintiffs attempted to settle with the contractor but withheld final payment pending the furnishing of mechanic's lien waivers. On this date mechanic's liens were on file by Lumber Supply, Inc. for $3611.59 within 60 days after the time the last material was furnished and by James W. Hansen for $604 filed within 60 days after the last work was performed.

November 16 Earl Yoder Construction Co. filed a mechanic's lien for $3312 and served notice thereof in accordance with the statute, section 572.10, Code, 1966, since his lien was filed more than 60 days after the last item had been furnished.

Liens were then filed by Noelke-Lyon Manufacturing Company on November 19 for $2675.76; Bryant Plumbing on November 23 for $790.08; Nagle Lumber Company on November 24 for $223.33 and Brandts Heating & Air Conditioning, Inc. on November 24 for $681.30, all within 60 days of the furnishing of their last item.

Frank Paxton filed a lien December 10 for $344.64; Modern Appliance on December 16 for $888.01; Mel Roth on December 18 for $1083.80. These three liens were filed more than 60 days

after the furnishing of the last item. All served a notice on the owners of filing the lien.

The last three mentioned lienholders together with Earl Yoder are appellees in the instant case.

I. The trial court found the claimant, Johnson County Ready Mix, intervenor, failed to establish any claim; that Iowa State Bank & Trust Company, Iowa City, offered no proof of claim against plaintiffs and failed to establish any claim; claimants Cook Paint & Varnish Company, Helmuth Electric Service and Hawkeye Lumber Company were not entitled to a mechanic's lien for failure to serve notice as required by section 572.10, Code, 1966, although each of these three claimants was entitled to judgment against the contractor, New Homes Realty, Inc.; the claimant Hansen failed to establish a claim against plaintiffs. The claims and cross-petitions of Hansen and Johnson County Ready Mix were dismissed.

None of these claimants named has appealed from the decree.

General Mortgage Corporation was not made a party to the cause nor was any relief sought for or against it. The trial court did not rule on the priority of its mortgage. It is not a party to this appeal.

The court held the five timely-filed liens were valid, established and foreclosed them in full against plaintiffs' real estate, gave each right of special execution and sale and determined the priority of the liens in the order listed: 1. Lumber Supply, Inc.; 2. Noelke-Lyon Mfg. Co.; 3. Bryant Plumbing Co.; 4. Nagle Lumber Company and 5. Brandts Heating & Air Conditioning, Inc. The total of the timely-filed claims with interest as allowed in the judgment establishing them as liens is $8575.74. Even though this amount exceeds the balance due on the contract and, of course, when added to previous payments made by the owners exceeds the original contract price, plaintiffs concede the five are entitled to be paid in full by reason of sections 572.14 and 572.16.

Section 572.14 provides the owner is not relieved from liability to the timely-filed lienholder if he makes payment to the contractor before the lapse of 60 days allowed for filing of liens. Section 572.16 provides the owner shall not be liable for

more than the contract price, unless he makes a payment before the expiration of 60 days.

The court found $19,154.59 had been paid on the contract before the expiration of the 60 days. Plaintiffs were given judgment against defendant New Homes Realty, Inc. for the amount of the timely-filed liens. There has been no appeal from this portion of the judgment.

The court in its decree did not reduce the balance due on the contract by the amount of these claims but reserved the whole balance for the benefit of the late-filed liens.

The court then held appellees, the late-filed lien claimants, were entitled to mechanic's liens on plaintiffs' real estate and payment to the extent of the balance due on the contract of $5512.89 only, determining their priority as follows: 1. Earl Yoder Construction; 2. Frank Paxton Lumber Co.; 3. E. A. Hasley & Leona Hasley, d/b/a Modern Appliance, and 4. Mel Roth.

The appellees' liens were imposed against plaintiffs' real estate only to this extent and when the unpaid balance was exhausted, claimants would have no further lien or claim against the real estate or plaintiffs. Each appellee was given judgment against defendant New Homes Realty, Inc., for the amount of their claim with interest.

II. Plaintiffs' appeal presents the question, What is the "balance due" at the time of service of notice? Stated otherwise, does a claim in the form of a mechanic's lien filed (timely or not) at the time of giving notice of a late-filed lien reduce the "balance due" from the owner to the contractor?

Plaintiffs contend $5512.89 should be first applied to payment of lienholders' claims filed within the 60-day period for filing claims; applying this sum to those claims filed within the period exhausts the funds and nothing can be paid to the subcontractors, materialmen or laborers who filed claims after the 60-day period provided in sections 572.10 and 572.11.

Section 572.10 as pertinent here provides:

"Perfecting subcontractor's lien after lapse of sixty days. After the lapse of the sixty days prescribed in section 562.9, a subcontractor may perfect a mechanic's lien by filing his claim

with the clerk of the district court and giving written notice thereof to the owner, his agent, or trustee. * * *."

The portion of section 572.11 applicable here is:

"Extent of lien filed after sixty days. Liens perfected under section 572.10 shall be enforced against the property * * *, only to the extent of the balance due from the owner to the contractor at the time of the service of such notice; * * *."

Appellees contend there is no statutory or case authority to enable the trial court to reduce the balance due from the owners to the contractor by the amounts of the timely-filed mechanic's liens; that to have done so would be in violation of section 572.11 and the entire balance due was available for payment of their late-filed liens; plaintiffs, having paid the general contractor $19,154.59 before expiration of 60 days, are not entitled to the protection of section 572.16.

Appellee Yoder presents an alternative solution by contending that at the time notice was served on the owners the balance due the contractor was $5512.89 less the $3611.59 lien of Lumber Supply or a net figure of $1901.30; that since the Hansen lien was not established and subsequently dismissed, it did not reduce the balance due and Yoder asks that in the event we sustain appellants' position, the cause be remanded for judgment in his favor for $1901.30 with interest. As previously noted, his claim was established in the amount of $3312. In support of this contention he relies on Lindsay & Phelps Co. v. Zoeckler, 128 Iowa 558, 104 N.W. 802.

III. In 47 Iowa Law Review, page 152, that case has been stated in simplified form as follows:

"Assume O agrees to pay C $2000 for the construction of a garage. C obtains $1000 in materials on credit from $S_1$ and begins the project with the help of $S_2$, who is to receive $500 for his labor.

"On the day of completion: (a) The statutory filing period has lapsed as to $S_1$ but not as to $S_2$. (b) O pays C $1500, planning to hold the remaining $500 until the filing period applicable to $S_2$ has expired. (c) $S_1$ and $S_2$ both perfect liens. [$S_1$'s lien is perfected as a late-filed lien.]

"* * *. If $S_1$ is the first to file [serving notice on the owner], he is entitled to a lien for $500 of his $1000 claim, since that is the 'balance due.' In addition, however, O will be liable to $S_2$ for $500, the full amount of his claim, because payment to the contractor was made before the expiration of the sixty-day period applicable to $S_2$."

In 48 Iowa Law Review, page 805, Lindsay & Phelps Co. v. Zoeckler, supra, is further analyzed:

"$S_2$ filed within statutory period, and he is entitled to a lien. Because O was solvent, the controversy was between $S_1$ and O. Either $S_1$ or O must look to C for the $500 in dispute. O has to pay $S_2$ the $500 because $S_2$'s lien was filed in time, therefore, if O also has to pay $S_1$ $500 because there was a $500 'balance due' when $S_1$ late-filed, then O will have to look to C for the $500. If $S_1$ cannot recover from O, then $S_1$ has to look to C. The issue is whether or not O can deduct the amount of $S_2$'s claim, which was perfected in time, from the 'balance due' which was 'garnished' by the late-filing $S_1$ (albeit $S_1$ did file first in sequence of time and serve O before $S_2$ filed)."

Professor Clifford Davis in his article "Mechanics' liens—shifting responsibility for building contractors' debts", 48 Iowa Law Review, supra, suggests "the Lindsay holding that the 'balance due' was $500 at the time of notice by $S_1$ seems contrary to the rule of construction set out in section 572.16."

IV. Balance due on the contract between plaintiffs and New Homes Realty, Inc., at the time of service of notice fixes the liability of the owners to the four late-filed subcontractors. Beane Plumbing & Heating Co. v. D-X Sunray Oil Co., 249 Iowa 1364, 1369, 92 N.W.2d 638, 642.

Appellees filed liens but not within 60 days from the completion of their work or the furnishing of the last item of material. Consequently, their liens would only attach as against plaintiffs' property to the extent of any unpaid balance under the contract at the time the liens were filed and notice given thereof. Pay-N-Taket, Inc. v. Crooks, 259 Iowa 719, 725, 145 N.W.2d 621, 625, citing Beane Plumbing & Heating Co. v. D-X Sunray Oil Co., supra, 249 Iowa, at 1367, 92 N.W.2d, at 640.

■ The trial court here, as well as our court in Lindsay, accepts the rule that in determining the "balance due" at the time of service of such notice, any amounts needed to finish the work would be deducted from the balance due.

"If a subcontractor who files late must expect the 'balance due' to be reduced by future expenditures by O necessary to complete the work, it would then seem logical that all liens might be deducted which have arisen by reason of work done or materials furnished, which could be perfected at the time of service of the late-filer's notice and which have to be paid by the owner. * * *. The lien for $S_2$ commenced when the work was begun and can be perfected by timely filing; when the lien is perfected, it will date back to the commencement of the work. $S_2$ has a lien until he loses it by failing to file in the time allowed. Such a lien should have been deducted from the contract price as well as prior payments made C in determining the 'balance due.' C cannot collect from O while $S_2$'s lien can be perfected; why should $S_1$ be given a lien on the basis that there was a balance due?" 48 Iowa Law Review, supra, at 806.

■ We do not think a subcontractor may benefit from the owner's paying the original contractor during the 60 days allowed for filing subcontractors' liens unless the subcontractor files his lien within the 60 days. Of course by proceeding under sections 572.10 and 572.11 a subcontractor may acquire a lien to the extent of any balance owing the contractor by the owner at the time notice of the subcontractor's lien is given, even though the 60 days have expired.

We now hold the unpaid balance due from the owners on the contract shall be used toward payment of liens filed within the 60-day period. Of course, any balance remaining on these liens must be paid by plaintiffs because of the premature payment on the contract of $19,154.59. Under our interpretation of section 572.11, in addition to any amounts needed to finish the work, there shall also be deducted the amount of liens which have arisen by reason of work done or material furnished which could be perfected at time of service of the late-filers' notice in arriving at the balance due.

Under this procedure the "balance due" here would be exhausted and there is nothing to be paid by the owners to the subcontractors, materialmen or laborers who filed claims after the 60-day period provided in sections 572.10 and 572.11.

In view of our decision herein, we find it unnecessary to pass on plaintiffs' other assignments of error.

The action of the trial court in establishing a mechanic's lien on plaintiffs' real estate in favor of the four appellees is reversed; otherwise, the cause is affirmed.

The case is, therefore, reversed and remanded with directions to the trial court to enter judgment in favor of plaintiffs in accordance with this opinion.—Reversed and remanded.

All JUSTICES concur except THORNTON, J., not sitting.